MORSE, respondent, *v.* SWAN, appellant.

PRACTICE — *findings of fact — rulings of court — surprise — newly-discovered evidence.* To support exceptions to findings of fact or the rulings of court, the record should set out the evidence on which exceptions are based, and should show what rulings of the court were erroneous, and that they were properly excepted to at the time. Where surprise is claimed, it must be set forth and show sufficient legal cause. A new trial will not be granted on the score of evidence, cumulative in its nature, and that might have been produced at the first trial.

SAME — *record.* If an attorney desires to obtain advantage of any motion decided in his favor, he should make it in writing, or see that it was made matter of record.

TRIAL BY COURT — *presumptions.* When trial is by the court, the presumption is that every material fact in issue was found in favor of the party recovering judgment, unless the contrary appears of record.

PRACTICE — *demurrer — sufficiency of facts — relief.* An appellate court may consider the sufficiency of facts in a pleading, though the record shows no exception taken to the overruling of such demurrer. A demurrer is not good which goes to the *relief* only.

CONSTRUCTION — *Section 300, Civil Practice Act.* This section of the statute provides no new remedies or proceedings to redress the trespasses therein named. It only gives additional pecuniary relief.

### *Appeal from First District, Gallatin County.*

THIS was an action for trespass, and the prayer for relief claimed treble damages, as provided for by section 300 of Civil Practice Act. The trial was by the court, and the findings and judgment in favor of plaintiff.

S. WORD and G. MAY, for appellant.

Appellants claim that the court below erred, in overruling their demurrer to plaintiff's complaint; sustaining oral motion to strike out part of complaint without having the record show the same; requiring defendants to answer over instanter; rendering judgment against defendants; overruling motion for new trial and vacating the decision of the court.

This action is brought under a punitive statute, and must stand or fall by that statute. The findings of court do not show plaintiff to have been in possession of the premises at the commencement of this action. This was necessary to sustain the action.

R. P. VIVION and M. C. PAGE, for respondent.

1. The demurrer was to the whole complaint and was properly overruled, if the same contained a cause of action sufficiently pleaded.

2. The demurrer, as to ambiguity and uncertainty, does not point out in what it consists, and should have been disregarded.

3. The demurrer goes only to the relief. If plaintiff was not entitled to treble damages, it might have been stricken out on motion, or would have been mere surplusage if it stood.

KNOWLES, J. No bill of exceptions was taken in this case. We find a motion for a new trial, the order overruling the same, and a statement that this ruling was excepted to. This motion is as follows: "And now comes the defendant * * * and moves the court for a new trial and vacation of the decision and judgment of the court herein rendered for the following reasons, to wit:

1. "Because of the insufficiency of the evidence to justify the verdict or findings and decision, and that the same is against law.

2. "Error in law occurring at the trial and excepted to by the defendant.

3. "Surprise which ordinary prudence could not have guarded against."

No statement of the evidence is set forth. This court cannot determine whether the findings of the court were unsupported by the evidence, or whether they are against law. The record does not disclose any rulings of the court upon questions of law, occurring at the trial, to which appellant excepted. The record does not disclose any matters that were a legal surprise to appellant. The affidavits of appellant and of Bowers go to the point, that the building torn down by the defendant was not worth more than $150. The value of this building was an issue in the case.

This court cannot tell whether this evidence would be cumulative, for it does not know what evidence was produced on the trial. There is no reason shown why this evidence in these affidavits could not have been produced on the trial. It appears, from the affidavit of appellant, that the finding of the court, as to the value of the house and milk-house, was supported by evidence.

In this affidavit he says: "There are excessive and punitive values placed upon said improvements, instead of real and true values, *although seemingly sustained by the testimony.*" A new trial cannot be granted on the ground of newly-discovered evidence, unless it appears that this evidence is not cumulative, and could not have been produced on the trial.

The appellant claims to be surprised, for the reason that his attorneys told him that the consideration paid for the pre-emption tract of land made no difference in this case. The findings of the court show that it did not, and he could not have been surprised by this advice. I think the court properly overruled the motion for a new trial. It appears imperfectly, from the record, that the appellant moved orally to strike out a part of the complaint. This motion was sustained.

Appellant complains because the record does not show the motion or what part of the complaint was stricken out. There is no error of which the appellant can complain. If he had made his motion a part of the record, the ruling would be plain. It is difficult to comprehend what counsel think is the province of a court when they assign such matters as error. If an attorney fails to make his motion a part of the record, and a ruling in his favor becomes obscure, it is claimed that a judgment in favor of an opposite party should be set aside. The statement of such a proposition is a sufficient answer to it. It is assigned as error that the findings do not show that the plaintiff was in possession of the property upon which the trespass was alleged to have been committed, at the time of the perpetration thereof. They do not show that he was not. This question was an issue in the pleadings. The presumptions are, that the court found thereon in favor of the plaintiff. Judgment was given for plaintiff. This court has held, and the decisions are numerous, that where a judgment is given it will be presumed, unless the contrary appears, that the court that entered the judgment found every material fact at issue in favor of the party for which it gave judgment.

Appellant alleges that the court committed an error in overruling his demurrer. It does not appear that this ruling was excepted to.

The ground specified in the demurrer, that the complaint does not state facts sufficient to constitute a cause of action, notwithstanding the failure to except to the ruling thereon, may be considered by this court. It is claimed that this is an action brought under the provisions of section 300 of our Civil Practice Act, and that the facts set forth in the complaint do not show a cause of action under that statute. This brings to our consideration the interpretation of that statute. It is not a statute providing a new remedy for the trespasses it specifies. The proceedings to redress those trespasses are the same as the proceedings to redress any other private trespass. Its only effect is the giving of additional pecuniary relief. It gives, in the class of trespasses named, treble what would be the actual damages sustained.

In the complaint sufficient facts are set forth to constitute an action for trespass. The trespass complained of is not of the class specified in section 300. The plaintiff claims that he is entitled to treble damages by virtue of this section. Undoubtedly he is not. If a party claims greater or different relief from that to which the facts he alleges entitles him, can it be maintained that his complaint does not state facts sufficient to constitute a cause of action.

This court has held that a demurrer which goes only to the relief asked cannot be sustained.

The supreme court of California holds that a party is entitled to any relief to which the facts set forth in his pleadings show him entitled, no matter what relief he may ask. *Althof* v. *Conheim*, 38 Cal. 230; *Grain* v. *Aldrich*, id. 514; *White* v. *Lyons*, 42 id. 279; Moak's Van Santvoord's Pleadings, 272, 279.

The judgment of the court is affirmed.

*Judgment affirmed.*