BADOVINAC, Respondent, *v.* NORTHERN PACIFIC RAILWAY CO., Appellant.

(No. 2,687.)

(Submitted October 8, 1909.  Decided October 23, 1909.)

[104 Pac. 543.]

*Personal Injuries—Railroads—Passengers—Contributory Negligence—Pleadings—Complaint—Insufficiency.*

Complaint—Insufficiency—Objection—Time.
   1.   The objection that a complaint does not state a cause of action may be raised for the first time on a motion for a directed verdict, or at any time.

Personal Injuries—Railroads—Passengers — Contributory Negligence— Complaint—Insufficiency.
   2.   Plaintiff's complaint in an action against a railroad company alleged that defendant's train on which he was a passenger, while slackening its speed when approaching his destination, did not stop; that it was dark and he could not tell that the train was running at a great rate of speed; that he was directed by defendant's brakeman to jump, and did so, receiving the injuries complained of. *Held,* under *Kennon* v. *Gilmer,* 4 Mont. 433, that since the proximate cause of his injury was plaintiff's own act, to-wit, jumping off while the train was in motion, it was incumbent upon him to further allege facts sufficient to show that, in so doing, he was not guilty of contributory negligence, *i. e.,* that he acted as a reasonably prudent person would have acted under like circumstances; having failed to so plead, his complaint did not state a cause of action.

*Appeal from District Court, Silver Bow County; Geo. M. Bourquin, Judge.*

ACTION by J. D. Badovinac against the Northern Pacific Railway Company for personal injuries. From a judgment for plaintiff and from an order denying a new trial, defendant appeals. Reversed and remanded.

For Appellant there was a brief by *Mr. Wm. Wallace, Jr., Mr. John G. Brown* and *Mr. R. F. Gaines.* Oral argument by *Mr. Brown.*

Plaintiff's act in jumping from a moving train in the dark when he knew it was not at the depot, and when he did not expect the train to stop, constitutes negligence. (*Victor* v. *Pennsylvania Ry. Co.,* 164 Pa. 195, 30 Atl. 381; *Brown* v. *New York etc. Ry. Co.,* 181 Mass. 365, 63 N. E. 941; *Jacob* v. *Flint etc. Ry. Co.,* 105 Mich. 450, 63 N. W. 502; *Newlin* v. *Iowa Cent. Ry. Co.,* 127 Iowa, 654, 103 N. W. 999; *Burgin* v. *Richmond Ry. Co.,* 115 N. C. 673, 20 S. E. 473; *Mearns* v. *Central Ry. Co.,* 163 N. Y. 108, 57 N. E. 292; *Brown* v. *Chicago Ry. Co.,* 80 Wis. 162, 49 N. W. 807; *Pittsburg Ry. Co.* v. *Miller,* 33 Ind. App. 128, 70 N. E. 1006; *McDonald* v. *Boston Ry. Co.,* 87 Me. 466, 32 Atl. 1010; *Mearns* v. *Central Ry. Co.,* 139 Fed. 543; *Richmond Railway Co.* v. *Pickleseimer,* 85 Va. 798, 10 S. E. 44; *Paterson* v. *Central Ry. Co.,* 85 Ga. 653, 11 S. E. 872; *Alabama etc. Ry. Co.* v. *Hawk,* 72 Ala. 112, 47 Am. Rep. 403; *Worthington* v. *Central Vt. Ry. Co.,* 64 Vt. 107, 23 Atl. 590, 15 L. R. A. 326; *Walker* v. *Vicksburg Ry. Co.,* 41 La. Ann. 795, 17 Am. St. Rep. 417, 6 South. 916, 7 L. R. A. 111; *Illinois etc. Ry. Co.* v. *Able,* 59 Ill. 131.)

Irrespective of what a trainman may have told him or ordered him to do, it was his duty to act as a reasonable man, or allege sufficient legal excuse for not doing so. (Hutchinson on Carriers, sec. 1180, note 10; Elliott on Railways, sec. 1628, notes 21, 27, 44; *Whitlock* v. *Comer,* 57 Fed. 565; *Jones* v. *Railway Co.,* 95 U. S. 439, 24 L. Ed. 506; *Bosworth* v. *Walker,* 83 Fed. 58, 27 C. C. A. 402; *Peak's Admr.* v. *Louisville Ry. Co.,* 23 Ky. Law Rep. 2157, 66 S. W. 995; *Durham* v. *Louisville Ry. Co.,* 16 Ky. Law Rep. 757, 29 S. W. 737.) The only excuse offered by the

plaintiff is that the brakeman ordered him to jump. The proof however, at most, only shows advice by the brakeman, and mere advice is not sufficient to act upon. (*Pittsburg etc. Ry. Co.* v. *Gray,* 28 Ind. App. 588, 64 N. E. 39; *Vimont* v. *Chicago etc. Ry. Co.,* 71 Iowa, 58, 32 N. W. 100; *Lindsey* v. *Chicago etc. Ry. Co.,* 64 Iowa, 407, 20 N. E. 737; *McDonald* v. *Boston Ry. Co.,* 87 Me. 466, 32 Atl. 1010; *Rothstein* v. *Ry. Co.,* 171 Pa. 620, 33 Atl. 379.) But granting that the brakeman ordered him to jump, we do not think the evidence sufficient to take the case to the jury. The evidence clearly brings him within the rule announced by Hutchinson on Carriers, section 180, that not only obvious dangers, but circumstances rendering it perilous, make out a case of contributory negligence. (*Dunning* v, *Lake Erie Ry.,* 38 Ind. App. 91, 77 N. E. 1049; *Durham* v. *Railway,* 16 Ky. Law Rep. 757, 29 S. W. 737; *Pennsylvania Ry.* v. *Hixon,* 10 Ind. App. 520, 38 N. E. 56; *Illinois Cent. Ry.* v. *Hanbery* (Ky.), 66 S. W. 417; *Railroad Co.* v. *Aspell,* 23 Pa. 147, 62 Am. Dec. 323; *St. Louis Ry. Co.* v. *Highnote,* 99 Tex. 23, 86 S. W. 923; *Peak's Admr.* v. *Louisville Ry.,* 23 Ky. Law Rep. 2157, 66 S. W. 995; *Lake etc. Ry.* v. *Bangs,* 47 Mich. 470, 11 N. W. 276; *Walker* v. *Railway Co.,* 41 La. Ann. 795, 17 Am. St. Rep. 417, 6 South. 916, 7 L. R. A. 111; *Schultze* v. *Railway Co.,* 32 Mo. App. 438.)

Brief by *Messrs. Mackel & Meyer,* for Respondent. Oral argument by *Mr. A. Mackel.*

Appellant lays some stress upon the fact that there is no allegation in plaintiff's complaint negativing contributory negligence. We contend that this was not necessary, and that the facts which we have set out do not show that plaintiff was guilty of contributory negligence. If the complaint shows contributory negligence on the part of the plaintiff, then the mere allegation that he was acting with due care and was not guilty of negligence would not have availed him anything. If, however, there were any merit in the appellant's contention that such an allegation should have been made, then it has waived this point.

Having consented to the overruling of the demurrer, and then having affirmatively pleaded contributory negligence, and the plaintiff having denied the same, the defendant has, in so far as the question of pleading is concerned, waived this point. (*Garver* v. *Lynde,* 7 Mont. 108, 14 Pac. 697; *Lockey* v. *Horsky,* 4 Mont. 457, 2 Pac. 19; *Francisco* v. *Benepe,* 6 Mont. 243, 11 Pac. 637; *Lynch* v. *Bechtel,* 19 Mont. 548, 48 Pac. 1112; *Barber* v. *Briscoe,* 8 Mont. 214, 19 Pac. 589.)

Would a reasonably prudent person be justified in dismounting as the plaintiff did? The fact that it was dark, thus preventing plaintiff from more fully judging of the speed or the danger, was a circumstance in plaintiff's favor, because it could be inferred therefrom by the jury that the plaintiff was not as able to see and realize the danger. (*Kentucky & I. Bridge Co.* v. *McKinney,* 9 Ind. App. 213, 36 N. E. 448; *Louisville etc. Co.* v. *Holsapple,* 12 Ind. App. 301, 38 N. E. 1107; *Baltimore & O. Co.* v. *Mullen,* 217 Ill. 203, 75 N. E. 474, 2 L. R. A., n. s., 115.)

The general trend of the authorities is to the effect that the question of contributory negligence in alighting from a moving train is a question of fact for the jury. And certainly is this so where he is advised, urged or commanded to do so by the trainmen. (See *Galloway* v. *Chicago R. & P. R. R. R. Co.,* 87 Iowa, 458, 54 N. W. 447; *Covington* v. *Railway Co.,* 81 Ga. 273, 6 S. E. 593; *Cincinnati etc.* v. *Carper,* 112 Ind. 26, 2 Am. St. Rep. 144, 13 N. E. 122, 14 N. E. 352; *Cartwright* v. *Chicago etc. R. Co.,* 52 Mich. 606, 50 Am. Rep. 274, 18 N. W. 381; *Gulf etc. Ry. Co.* v. *Brown,* 4 Tex. Civ. 435, 23 S. W. 618; 6 Cyc. 638, 639; 3 Thompson on Negligence, secs. 2850, 2879, 2880; 4 Elliott on Railroads, sec. 1628.) Where the plaintiff alights from a moving train upon the advice, suggestion or command of the carrier's servant, it generally always is a question for the jury to determine whether he was guilty of contributory negligence. (*Atchison, T. & S. F. R. Co.* v. *Hughes,* 55 Kan. 491, 40 Pac. 919; *Chicago & A. R. Co.* v. *Gore,* 202 Ill. 188, 95 Am. St. Rep. 224, 66 N. E. 1063; *Baltimore & O. R. Co.* v. *Leapley,* 65 Md. 571, 4 Atl. 891; *Delaware & H. Co.* v. *Webster* (Pa.), 6 Atl. 841; see,

also, *Carr* v. *Eell River & E. Co.*, 98 Cal. 366, 33 Pac. 213, 21 L. R. A. 354; *Brashear* v. *Houston etc. Co.*, 47 La. Ann. 735, 49 Am. St. Rep. 382, 17 South. 260, 28 L. R. A. 811; *Strand* v. *C. N. W. Co.*, 64 Mich. 216, 31 N. W. 184; *Raben* v. *Central Iowa Ry. Co.*, 74 Iowa, 732, 34 N. W. 621.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This is an action for damages for personal injuries. The plaintiff recovered judgment, and the defendant has appealed from the judgment and from an order denying it a new trial.

The complaint alleges that plaintiff became a passenger upon defendant's train No. 6, bound from Butte to Chestnut; that as the train approached Chestnut a brakeman on the train called the station; that the train slackened its speed, but did not stop; that plaintiff went out upon the platform, and was directed by the brakeman to jump from the moving train; that it was dark and plaintiff could not tell that the train was running at a great rate of speed, and because he could not tell that the train was running at a great rate of speed, and because he relied upon the direction of the brakeman, he jumped from the moving train, and received the injuries of which he complains. The complaint also alleges that in fact the train was running at a much greater rate of speed than plaintiff had supposed at the time he jumped. The defendant entered a general denial, and also pleaded contributory negligence. Before answering, the defendant interposed a general demurrer, but by consent this was overruled, and we may now treat the case as though a demurrer had not been interposed at all.

The principal contention made by appellant is that the complaint does not state facts sufficient to constitute a cause of action. Respondent urges that such objection cannot be made for the first time upon a motion for a directed verdict. But there is not any merit in this position; for the objection that the complaint does not state a cause of action may be raised at any time, even in this court for the first time. (*Thornton*

v. *Kaufman,* 35 Mont. 181, 88 Pac. 796; *Wyman* v. *Jensen,* 26 Mont. 227, 67 Pac. 114.)

In this state it is a general rule that the plea of contributory negligence is an affirmative defense, and the burden of making it is upon the defendant. (*Nord* v. *Boston & Mont. Con. C. & S. Min. Co.,* 33 Mont. 464, 84 Pac. 1116.) But to this well-established rule there is one exception, which is as well recognized as the rule itself. In *Ball* v. *Gussenhoven,* 29 Mont. 321, 74 Pac. 871, this court said: "If, however, the complaint shows the proximate, or a proximate, cause of the injury to have been the act of the plaintiff, the complaint must also state his freedom from negligence in the doing of the act; otherwise the pleading is bad." And in *Orient Ins. Co.* v. *Northern Pacific Ry. Co.,* 31 Mont. 502, 78 Pac. 1036, we also said: "The existence of contributory negligence need not be negatived in the complaint unless it appears from other allegations therein that the proximate cause of the injury was the act of the plaintiff." This rule of pleading was first announced by this court in *Kennon* v. *Gilmer,* 4 Mont. 433, 2 Pac. 21. In that case Kennon was a passenger upon a stage-coach owned and operated by Gilmer and others. The horses attached to the coach became unmanageable and broke the pole of the coach. Kennon, becoming frightened, jumped from the moving vehicle and was injured. He brought an action to recover damages, and in his complaint, after charging negligence on the part of the defendants in failing to furnish suitable horses and a competent driver, alleged that, by reason of the facts already pleaded, the plaintiff was placed in such a position as to imperil his safety, "and to render it apparently unsafe for plaintiff to longer remain on said coach; that he, being actuated by just fear of bodily injury by longer remaining thereon, jumped from said coach, and, in so doing, one of plaintiff's legs was fractured, bruised, broken," etc. Of that complaint this court said: "Thus the plaintiff declares that the proximate cause of the injury he sustained was his own action." Upon considering the excuse offered by Kennon for his act in jumping from

the coach, the court reached the conclusion that the facts stated by way of excuse were not sufficient to show that the plaintiff was not guilty of contributory negligence, and therefore concluded that the complaint did not state a cause of action.

In many respects the facts in the case at bar cannot be distinguished from those in *Kennon* v. *Gilmer*. Here, as there, the plaintiff alleges that the proximate cause of the injury he sustained was his own act—jumping from a moving vehicle. The facts differ only as to the excuse offered by the plaintiff. In *Kennon* v. *Gilmer* it was "apparent danger and fear of bodily injury"; in this instance, the plaintiff declares that he jumped from the moving train because (1) it was dark and he could not determine that the train was moving at a great rate of speed; and (2) the brakeman directed him to jump. The word "directed," as herein used, does not import threats or force. There is not any contention made that the brakeman did more than to tell the plaintiff to jump from the train. It appears from the complaint that the plaintiff knew the train was in motion at the time he jumped; and the fact that it was so dark that he was not able accurately to determine the speed of the train would seem to offer the very best reason why he should not have assumed the risk rather than to excuse him for his act. The fact that the brakeman told him to jump is not any excuse; for, if that fact, standing alone, would justify him in jumping from the train moving at a speed which he could not estimate, it would likewise justify him in jumping from a train moving at a rate of sixty miles per hour. A man much accustomed to boarding and alighting from moving trains might with safety to himself jump from a train running at a rate of ten miles per hour, while one not so accustomed would be almost certain to sustain serious injury in alighting from a train moving at a rate of five miles per hour. In any event, the plaintiff having alleged in his complaint that the proximate cause of his injury was his voluntary act in jumping from the moving train, he thereupon assumed the burden of alleging facts sufficient to show that in so doing he was not guilty of

contributory negligence.    (*Montague* v. *Hanson,* 38 Mont. 376, 99 Pac. 1063; *Poor* v. *Madison River Power Co.,* 38 Mont. 341, 99 Pac. 947; *Ball* v. *Gussenhoven,* above; *Orient Ins. Co.* v. *Northern Pacific Ry. Co.,* above; *Kennon* v. *Gilmer,* above.)

If the reasons assigned in the complaint are the only ones plaintiff has, then we think he fails to meet the requirements of the rule just stated above.    Of course, the fact that it was dark might become a factor in plaintiff's favor if he was deceived thereby into believing that the train was moving so slowly that he could with reasonable safety to himself alight from it.    The chief difficulty with plaintiff's complaint in this regard is that it is so vague its meaning is not easily discernible. It alleges, first, that the train slackened its speed, but did not stop.    That allegation would be fully supported by proof that the train was running at a rate of fifty miles per hour and reduced its speed to forty miles per hour, for the word "slacken" means to lose rapidity; to become more slow.    (Webster's International Dictionary.)    Again, the complaint alleges that the plaintiff did not know that the train was moving at a great rate of speed.    This is pregnant with the admission that he did know that it was running at a considerable rate, or at any rate less than a great rate.    He does not allege that he understood the brakeman's direction to him to jump to imply that the train was moving at a very slow rate of speed.    It does not appear from the complaint whether the plaintiff was a man much accustomed to traveling on the railroads or experienced in alighting from moving trains, or whether he was encumbered with baggage or other things which prevented the free use of his limbs.    In other words, to show by his complaint that he was not guilty of contributory negligence he must allege facts sufficient to show that he acted as a reasonably prudent person under like circumstances would have acted.    This rule seems to be founded in reason.    The standard of action in all such cases must be that of a reasonably prudent person; and, if it was necessary for plaintiff to prove that in jumping from the moving train he exercised that degree of care and prudence

which a reasonable person would have done under like circumstances, then he must allege the facts in order that an issue may be made, if the defendant should see fit to make the issue. Many authorities might be cited in support of the principles announced; but, since they are established by the decisions of our own court, we have chosen to rely upon them alone. Under a sufficient complaint we think it would have been a question for the jury to determine whether plaintiff was guilty of contributory negligence, and this question would have to be resolved by determining whether he acted as a reasonably prudent person would have done under like circumstances.

The foregoing views seem to be sufficient to dispose of the questions raised upon these appeals. For the reason that the complaint does not state facts sufficient to constitute a cause of action, the judgment and order are reversed and the cause is remanded for a new trial.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.