COMERFORD, ADMX., RESPONDENT, *v.* JAMES KENNEDY. CONSTRUCTION CO., APPELLANT.

(No. 3,453.)

(Submitted January 7, 1915. Decided January 21, 1915.)

[145 Pac. 952.]

*Personal Injuries—Master and Servant—Contributory Negligence—Evidence—Burden of Proof.*

Personal Injuries—Master and Servant—Contributory Negligence—Evidence —Insufficiency.

1. Evidence in an action to recover damages for the death of a laborer killed by the caving in of a trench, *held* not to show contributory negligence on the part of deceased so clearly as to show that, in returning a general verdict in favor of plaintiff, the jury must have acted arbitrarily, justifying a reversal of the judgment.

[As to duty of master to servant, see note in 75 Am. St. Rep. 591.]

Same—Contributory Negligence—Burden of Proof.

2. The burden of proving that a servant's negligence contributed to his injury is upon the master.

[As to forgetfulness of known dangers as contributory negligence, see note in Ann. Cas. 1913B, 1197.]

*Appeal from District Court, Missoula County; A. L. Duncan, Judge.*

ACTION by Agnes M. Comerford, as administratrix of the estate of Thomas Comerford, deceased, against the James Ken-

nedy Construction Company and another. From a judgment for the plaintiff and an order denying it a new trial, the defendant company appeals. Affirmed.

Cause submitted on briefs of counsel.

*Messrs. Woody & Woody,* for Appellant.

The jury in considering of their verdict evidently disregarded the testimony of the witnesses Gustafson and Murtz. If they did consider it, they arbitrarily without any right, reason or authority disregarded it, and in support of this proposition we cite the case of *Boe* v. *Lynch,* 20 Mont. 80. Also *Lomer* v. *Meeker,* 25 N. Y. 363, where the court said: ''The positive testimony of an unimpeached, uncontradicted witness cannot be disregarded by the court or jury arbitrarily or capriciously. They are bound to believe for judicial purposes such testimony, and it would, in an instance like this, be the clear duty of the court to set aside the verdict of a jury founded upon a disbelief of a clear, uncontradicted and undisputed evidence.'' (See, also, *Elwood* v. *Western Union Tel. Co.,* 45 N. Y. 549, 6 Am. Rep. 140; *Engmann* v. *Estate of Immel,* 59 Wis. 249, 18 N. W. 182; *Edler* v. *Uchtmann,* 10 Ill. App. 493; *St. Louis etc. R. Co.* v. *Ramsey,* 96 Ark. 37, Ann. Cas. 1912B, 383, 131 S. W. 44; *Haddox* v. *Northern Pac. Ry. Co.,* 43 Mont. 8, 113 Pac. 1119.) ''The record in this case shows no conflict in the testimony; nor do we find anything from which the jury were authorized to disbelieve the undisputed testimony offered in plaintiff's behalf. For this reason the judgment is reversed, and cause remanded for a new trial.'' (*Boe* v. *Lynch, supra.*)

The uncontradicted evidence on the part of appellant showed that Comerford was guilty of contributory negligence which was a proximate cause of the injury resulting in his death, and was ample and sufficient to sustain a verdict for the appellant, but the jury returned a verdict for the respondent, finding that the deceased was not guilty of any act of contributory negligence, which was a verdict with no evidence to sustain it, and for that

reason the verdict should have been set aside and a new trial granted, but this the lower court refused to do, and denied and overruled appellant's motion for a new trial, and in doing this the court erred. (*Nicholas* v. *Peck,* 20 R. I. 534, 40 Atl. 418, 21 R. I. 404, 43 Atl. 1038.)

*Messrs. Hall & Whitlock, Mr. Jas. L. Wallace* and *Mr. Chas. N. Madeen,* for Respondent.

Contributory negligence is an affirmative defense, and the burden of proving it is upon the defendant. It is equally well established that it is always a question for the jury when the evidence is conflicting or when reasonable men might differ as to the inferences which ought to be drawn from the undisputed evidence. In support of the first proposition, see *Prosser* v. *Montana C. Ry. Co.,* 17 Mont. 372, 30 L. R. A. 814, 43 Pac. 81; *Harrington* v. *Butte etc. Ry. Co.,* 37 Mont. 169, 16 L. R. A. (n. s.) 395, 95 Pac. 8; *Meehan* v. *Great Northern Ry. Co.,* 43 Mont. 72, 114 Pac. 781; *Melzner* v. *Raven Copper Co.,* 47 Mont. 351, 132 Pac. 552. The same rule prevails in practically every jurisdiction. Our own court has also spoken a number of times with reference to the second proposition, and the following cases show the attitude of the court upon that point: *Prosser* v. *Montana C. Ry. Co.,* 17 Mont. 372, 30 L. R. A. 814, 43 Pac. 81; *Knuckey* v. *Butte Electric R. Co.,* 45 Mont. 106, 112, 122 Pac. 280; *Nilson* v. *Kalispell,* 47 Mont. 416, 132 Pac. 1133. The rule in the *Prosser Case* has never been departed from, and the holding in the *Flaherty Case,* 42 Mont. 89, cited by appellant, does not in any measure contradict this general rule. For other cases holding with our own court, see *Jackson* v. *Grand Forks,* 24 N. D. 601, 45 L. R. A. (n. s.) 75, 140 N. W. 718; *Jevons* v. *Union Pac. Ry. Co.,* 70 Kan. 491, 78 Pac. 817; *Smith* v. *Occidental etc. Steamship Co.,* 99 Cal. 462, 34 Pac. 84; *Dunlap* v. *Northeastern R. R. Co.,* 130 U. S. 649, 32 L. Ed. 1058, 9 Sup. Ct. Rep. 647. Our court further holds that where contributory negligence is a question for the jury, their finding with reference thereto is conclusive, especially where a motion for a new trial has been

overruled, as in this case. (*Lehane* v. *Butte Electric Ry. Co.*, 37 Mont. 564, 97 Pac. 1038; *Flavin* v. *Chicago etc. R. R. Co.*, 43 Mont. 220, 115 Pac. 667; *Nilson* v. *Kalispell*, 47 Mont. 416, 132 Pac. 1133.)

We further submit that the mere fact that the testimony of certain witnesses may not be contradicted by other oral testimony does not by any means show conclusively that such testimony is true. The circumstances in the case, the physical conditions, the mode of testifying and the demeanor of the witnesses on the stand are to be considered by the jury in determining the credibility of the witnesses and the weight to be given their testimony. (*Whalen* v. *Harrison*, 26 Mont. 316, 67 Pac. 934; *Emerson* v. *Butte E. Ry. Co.*, 46 Mont. 454, 129 Pac. 319; *State* v. *Willette*, 46 Mont. 326, 127 Pac. 1013; *Raiche* v. *Morrison*, 47 Mont. 127, 130 Pac. 1074; *State* v. *Jones*, 48 Mont. 505, 139 Pac. 441.) The testimony may be discredited by the inherent improbabilities thereof or it may be inconsistent with the surrounding facts. (*In re Leslie*, 119 Fed. 406; *Phoenix etc. Ins. Co.* v. *Opper*, 75 Conn. 295, 53 Atl. 586; *Bradley* v. *Gorham*, 77 Conn. 211, 66 L. R. A. 934, 58 Atl. 698; *Gannon* v. *Laclede Gaslight Co.*, 145 Mo. 502, 46 S. W. 968, 47 S. W. 907; *Wilson* v. *Commercial Union Ins. Co.*, 15 S. D. 322, 89 N. W. 649; *Jevons* v. *Union Pac. Ry. Co.*, 70 Kan. 491, 78 Pac. 817; *Mee* v. *Carlson*, 22 S. D. 365, 29 L. R. A. (n. s.) 351, 117 N. W. 1033.) Another matter which may affect the weight to be given the testimony is the interest of the witnesses, and, in this connection, the jury may take into consideration the fact that a witness was an employee of defendant. (*Central of Georgia R. R. Co.* v. *Bagley*, 121 Ga. 781, 49 S. E. 780; *Hugumin* v. *Hinds*, 97 Mo. App. 346, 71 S. W. 479; *Tennessee Coal & Iron Co.* v. *Haley*, 85 Fed. 534, 29 C. C. A. 328; *Gorman* v. *Williams*, 26 Misc. Rep. 776, 56 N. Y. Supp. 1031; *Anderson* v. *Standard Gaslight Co.*, 17 Misc. Rep. 645, 40 N. Y. Supp. 671.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This action was brought to recover damages for the death of Thomas Comerford, caused by the alleged wrongful acts of the city of Missoula and the James Kennedy Construction Company, committed in the course of installing a public sewer. Comerford was a laborer employed by the construction company in excavating a trench for the sewer-pipe, and while so engaged was killed by a cave of the trench. The defense was a denial of negligence and a plea of contributory negligence on the part of the deceased. The trial resulted in a general verdict against the construction company, and it has appealed from the judgment and from an order denying its motion for a new trial.

There is not any difference of opinion as to the rules of law governing this case, but appellant insists that the verdict is [1] contrary to the evidence offered in support of the plea of contributory negligence, and conflicts with certain instructions given by the trial court. Whether either of these contentions should prevail depends altogether upon the consideration of that evidence.

According to counsel for appellant, but two witnesses, John Gustafson and John Murtz, gave testimony tending to disclose negligence on the part of Comerford which contributed to his death; but that evidence is to be viewed in the light of the further testimony that the deceased was a practical miner of some experience in that occupation.

The testimony of Gustafson may be summarized as follows: He was foreman of the construction company, in charge of the men at the time of the cave which caused the death, and was upon the surface some ten feet east of Comerford, who was facing east, shoveling dirt into a bucket at the bottom of the sewer trench, which was seventeen or eighteen feet deep. The trench was shored with sheathing placed perpendicularly with three or four sets of heavy stringers, placed transversely, and these kept in place by screw-jacks. From four to six feet west of Comerford, with his face to the west, was Murtz, laying the

sewer-pipe, and west of him was a helper. About 2:30 o'clock on the afternoon of September 24, 1910, while Gustafson was overseeing the work, he noticed the sheathing "going down," and, surmising a cave, called to the men, "Come up, boys; the sheathing is giving way," or words to that effect, and this was repeated immediately, but he did not have time to call again. At this warning Murtz also called to Comerford to get out, and Murtz and the helper went to the west and escaped. "Comerford stood and looked up, but did not make any attempt to move away." When the timbers started to give they moved slowly. It was three or four minutes between the time the first warning was given and the cave occurred. By going to the east four, six, or ten feet past his bucket and under the lowest screw-jack, which was two or three feet above the bottom of the trench, or between that jack and the one, two or three feet above it, Comerford could have reached a place of safety. The witness further testified: "I think he could have seen the wall moving." The body of Comerford was held down in the trench by a piece of one stringer broken by the cave.

In the main, the testimony of Murtz is corroborative of that of Gustafson. He testified, however, that the warning given by the foreman was "loud enough so we all heard it." And again: "As soon as he said 'Get out!' I left my shovel on top of the pipe and ran back west. I did not run; I walked—walked as fast as I could. I was scared when the foreman told us to get out of there, because the bank was cracking, I had to get out. I left my shovel down and walked as fast as I could ten feet, and then the crash came. Comerford did not say anything to me when I told him to get out. He looked up. * * * I could not see that the bank was cracking, then, nor could I see the sheathing move. It was not bellied; there were no indications as far as I could tell that anything was wrong."

It is now urged upon us that this evidence was uncontradicted; that it established the defense of contributory negligence, and in returning a general verdict for plaintiff the jury must have disregarded it arbitrarily. Upon the assumption that Gus-

tafson and Murtz were credible witnesses, and their testimony should be accepted as true, and the further assumption that Comerford heard and understood the warning in time to escape, an inference of contributory negligence might well be drawn, but the burden of proving contributory negligence was upon [2] the defendant, and if upon the evidence as a whole the jury were justified in discrediting these witnesses or in drawing an inference favorable to the deceased with respect to the care exercised by him, or if they were unable to say that the evidence preponderated in favor of the claim that his own negligence proximately contributed to his death, then the finding of the jury must be accepted by this court after it has been reviewed and approved by the trial court upon the motion for a new trial. Doubtless the jurors, viewing the conflicting statements of Gustafson and Murtz with reference to the period of time which elapsed between the warning and the catastrophe in the light of common experience, concluded that Murtz was much more nearly correct in his estimate, and that three or four seconds probably elapsed, rather than three or four minutes.

The testimony of Gustafson discloses that at the time of the cave, the contractors had cross-ties laid over the sewer trench to which rails were attached, and on this track a combination tram and hoist was running back and forth, lowering and raising the buckets in the trench and disposing of the dirt taken therefrom. The trial court by instruction 27 directed the jury that it was not enough that the warning was given in time for Comerford to escape, but that it must have been given loudly and distinctly enough to be heard and understood by a person of ordinary hearing at the place where decedent was working. By instruction 20 the court declared that a presumption, which had the effect of evidence, existed in favor of the deceased that he exercised due care for his own life and safety; such care as a person of his age, ability, capacity and experience ordinarily exercises. Viewed in the light of that presumption, and of the evidence that Comerford was a miner of experience, and of the circumstances surrounding him, his position in the trench seven-

teen or eighteen feet deep, with the noise of the tram overhead, and in the absence of any direct evidence that he heard the warning or understood its meaning, or saw the threatening danger, the jury might well have concluded from the entire case-made that he did not hear Gustafson, or, if he heard the call, that he did not understand it to be a warning, and that the circumstances were not such that he ought to have heard and understood.

This construction of the evidence disposes of the contention that the verdict is against the law as declared by the court in its instructions.

There are, however, facts and circumstances disclosed by the record which might well have prompted the jury to discredit the testimony of Gustafson and Murtz, but, in view of our conclusion above, these need not be considered.

The judgment and order are affirmed.

*Affirmed.*

Mr. Chief Justice Brantly and Mr. Justice Sanner concur.

