UNITED STATES FIDELITY & GUARANTY CO. v. WHITTAKER.

(Circuit Court of Appeals, Ninth Circuit. November 2, 1925.)

No. 4455.

1. Courts �824365—State Supreme Court's construction of official bond, given in judicial proceeding in state court, conclusive in federal court.

State Supreme Court's view that the condition of a bond, given in proceeding in state court, was fully performed and satisfied upon the taking of an appeal within the time allowed by law, without regard to satisfaction of judgment after appeal, was conclusive in suit in federal court on such bond.

2. Pleading �824433(5)—If complaint wholly fails to state cause of action, defect is fatal and not aided by verdict or findings of court.

If a complaint wholly fails to state a cause of action, and more especially if there is no

cause of action, the defect is fatal, and doctrine of aider by verdict or findings has no application.

3. Pleading �824433(5)—Where bond conditioned on defendant's appealing to Supreme Court, failure to aver, in action thereon, that no appeal was taken, was fatal to recovery.

Where official bond was conditioned on defendant's taking an appeal to Supreme Court, an action thereon, which failed to aver that no appeal was taken, was fatal to the existence of the cause of action, and the right to recover thereon was entirely destroyed where plaintiff affirmatively averred such appeal was in fact taken, and such defects, going to sufficiency of complaint to state cause of action, were not cured by findings of court, in view of Rev. Codes 1921, § 9136.

Gilbert, Circuit Judge, dissenting.

In Error to the District Court of the United States for the District of Montana; George M. Bourquin, Judge.

Action by Richard J. Whittaker, as administrator of the estate of Thomas Comerford, deceased, against the United States Fidelity & Guaranty Company, a corporation. Judgment for plaintiff, and defendant brings error. Reversed and remanded for new trial.

For opinion below, see 300 F. 129.

Gunn, Rasch & Hall, of Helena, Mont., for plaintiff in error.

James L. Wallace and Chas. N. Madeen, both of Missoula, Mont., for defendant in error.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge. In January, 1912, one Agnes Comerford, as administratrix of the estate of Thomas Comerford, deceased, commenced an action in the district court of the Fourth judicial district of the state of Montana, in and for the county of Missoula, against the James Kennedy Construction Company and the city of Missoula, a municipal corporation, to recover damages in the sum of $36,420 for negligently causing the death of her husband. Upon the trial of the action, a verdict in the sum of $17,500 was returned in favor of the plaintiff and against the defendant James Kennedy Construction Company, and on March 1, 1913, a judgment was entered upon this verdict. Thereafter the construction company served and filed notice of intention to move for a new trial; and on April 15, 1913, the court entered an order allowing 10 days within which to file a bond in the sum of $17,800 to stay execution. It was further ordered that execution be stayed during the 10 days, and, upon the filing of the bond as required,

that execution be further stayed until the motion for a new trial was disposed of or until the further order of the court, counsel being present and consenting thereto. Thereafter the construction company, with the United States Fidelity & Guaranty Company, as surety, executed a stay bond in the sum of $17,800, as required by the order, conditioned that, if the judgment and execution were stayed until the motion for a new trial was heard and decided, the construction company, if the motion was overruled, would take an appeal to the Supreme Court of the state of Montana from the judgment entered in the action, and from the order denying the motion for a new trial, and, if the motion for a new trial was overruled and the construction company failed to take an appeal to the Supreme Court of the state of Montana within the time allowed by law, the construction company would pay to the plaintiff, on demand, the amount of the judgment with costs, not exceeding in all the sum of $17,800. The motion for a new trial was thereafter denied; the construction company took an appeal to the Supreme Court of the state, and the judgment (50 Mont. 196, 145 P. 952) was there affirmed. Thereafter the plaintiff in the action commenced an action on the bond in a state court of Montana.

The complaint contained two causes of action: The first for a recovery on the bond as executed; the second, for a reformation of the bond by adding thereto the words, "and if not reversed or if affirmed on appeal," or equivalent words after the words contained in the bond, "that the defendant will, if said motion is overruled, take an appeal to the Supreme Court of the state of Montana from the judgment rendered in said action and from the order overruling defendant's motion for a new trial." Upon the trial of that action in the state court, the trial court found that the plaintiff was entitled to recover upon the bond as executed, and was also entitled to a reformation of the bond as prayed, and entered a decree accordingly. Upon appeal to the Supreme Court of the state this decree was reversed, the Supreme Court holding that there could be no recovery upon the bond as executed, and that the evidence did not warrant a reformation of the bond. Comerford v. United States Fidelity & Guaranty Co., 59 Mont. 243, 196 P. 984. After the record was remitted to the court below, the plaintiff took a voluntary nonsuit, and her successor in office commenced the present action in the United States District Court for the District of Montana. The complaints in the two actions were the same. Upon the trial in the court below, the cause of action for a reformation of the bond was dismissed by consent, and judgment was entered in favor of the plaintiff upon the first cause of action, which sought a recovery upon the bond as executed. The latter judgment is now before this court upon writ of error.

The motion to dismiss the writ of error on the ground that the record was not filed in this court within the time prescribed by law is not well taken, as it appears that the record was so filed within the time fixed and allowed by orders duly made and entered pursuant to the rules. Nor need we consider the motion to strike the bill of exceptions from the record, for the reason that it was not presented to the trial judge within the time prescribed by the rules, because the only questions we deem it necessary to discuss or consider are presented by the pleadings and judgment roll.

[1] It is urged on the part of the plaintiff in error that the judgment of the Supreme Court of the state in the former action is a bar to the present action. On the other hand, it is claimed that the judgment is not a bar, because the case was simply remanded to the lower court for further proceedings, without the entry of a final judgment. In the view we take of the question thus presented, it is not material whether a final judgment was entered in the state court or not; because the construction placed upon a bond given in a judicial proceeding in a state court, pursuant to a law of the state, by the highest court of the state, is controlling upon every other court, and in every other jurisdiction. Thus Fidelity Co. v. Bucki Co., 189 U. S. 135, 23 S. Ct. 582, 47 L. Ed. 744, was an action on an attachment bond given in an action brought in a state court of Florida. Under the laws of Florida, as construed by the highest court of that state, counsel fees incurred in securing the dissolution of an attachment are recoverable in an action on the attachment bond, while a different rule obtains in the federal courts. In reference to such a bond, and the construction given thereto by the highest court of the state, Mr. Justice Brewer said:

"Liability for these counsel fees being, as declared by its highest court, a part of the obligation assumed by the obligor in an attachment bond given in the courts of Florida, should be enforced in every court in which an action on such a bond is brought. This action was commenced in a circuit court of the state, and, if it had proceeded there to judgment, unquestionably a liability for

counsel fees would have been sustained, and it cannot be that by removing the case to the federal court such liability has been taken away. In Tullock v. Mulvane, 184 U. S. 497, 505 [22 S. Ct. 372, 375 (46 L. Ed. 657)], we held that, when a bond has been given in a case pending in the federal court and an action was thereafter brought in the state court on such bond, the rule of liability was that existing in the federal court in which the bond was given, and said: 'It is clear that, if it be true that the bond given in a federal court of equity on the granting of an injunction is not to be construed with reference to the rules of law applicable to such bonds in such court, then there can be no certain general rule by which to determine the liability of the obligors upon the bond. Their responsibility would be one thing in a court of the United States and a different thing in the courts of the various states, which would imply that the parties did not contract with reference to any definite rule of liability.' "

[2] The plain provision or condition of the bond was that the defendant in the action in the state court would take an appeal to the Supreme Court of the state from the final judgment and from the order denying the motion for a new trial, in the event that such an order was made, and that it would pay the judgment only in the event that no appeal was taken. It would seem manifest from this that the condition of the bond was fully performed and satisfied when the appeal to the Supreme Court was taken within the time allowed by law. But, in any event, such was the view of the Supreme Court of the state, and, for reasons already stated, the construction placed upon the bond by that court is controlling here. It may be urged that the defect in the complaint was cured by the findings of the court, but the rule is all but universal that, if a complaint wholly fails to state a cause of action, and more especially if it affirmatively shows that there is no cause of action, the defect is fatal, and the doctrine of aider by verdict or findings has no application. In 3 C. J. 785, the rule is thus stated:

"While it has been held in some jurisdictions that the objection that the complaint does not state facts sufficient to constitute a cause of action is waived by a failure to raise an objection below in some appropriate manner, it is well settled in most jurisdictions that an objection of this character may be urged for the first time on appeal. The reviewing court, however, does not look upon such an objection with favor, and the complaint will be construed liberally and supported by every legal intendment, and, if the defect was amendable, or the pleading is good after verdict or sufficient to bar another action for the same cause, it will be sufficient on appeal, in the absence of objection in the court below. It must be shown that there is a total absence of an averment of some fact essential to the existence of the cause of action, or the presence of some averment that absolutely destroys plaintiff's right to recover."

[3] Here there was a total absence of an averment that no appeal to the Supreme Court of the state was taken, and this fact was essential to the existence of a cause of action. Furthermore, there was an affirmative averment that such an appeal was in fact taken, and this averment totally destroyed any possible right of recovery on the part of the plaintiff without a reformation of the bond. In Western Union Telegraph Co. v. Sklar, 126 F. 295, 302, 61 C. C. A. 281, 288, Judge Lurton said:

"The defendant did not demur. Neither did it move in arrest of judgment. But it has assigned it as error that the court pronounced judgment upon the verdict. If the pleadings were insufficient to support any verdict for the plaintiff, judgment should have been arrested. The failure to move in arrest is, however, not fatal. It is not too late to allege as error in this court that the pleadings stated no case which would justify any judgment for the plaintiff. Kentucky Life Ins. Co. v. Hamilton, 63 F. 93, 11 C. C. A. 42; Slacum v. Pomery, 6 Cranch, 221, 3 L. Ed. 204."

But, as already stated, this rule is elementary, and is declared by statute in the state of Montana. Section 9136 of the Code of Civil Procedure of that state contains the usual Code provision that, if no objection is taken to the complaint by demurrer or answer, the defendant must be deemed to have waived the same, excepting only the objection to the jurisdiction of the court, and the objection that the complaint does not state facts sufficient to constitute a cause of action. See Territory v. Virginia Road Co., 2 Mont. 96; Morse v. Swan, 2 Mont. 306; Gillette v. Hibbard, 3 Mont. 412; Parker v. Bond, 5 Mont. 1, 1 P. 209; Whiteside v. Lebcher, 7 Mont. 473, 17 P. 548; Tracy v. Harmon, 17 Mont. 465, 43 P. 500; Murray v. City of Butte, 35 Mont. 161, 88 P. 789; Badovinac v. Northern Pacific Ry. Co., 39 Mont. 454, 104 P. 543.

For the foregoing reasons the complaint is fatally defective and does not support the judgment. The judgment is accordingly re-

versed, and the cause is remanded for a new trial.

GILBERT, Circuit Judge (dissenting). The majority opinion seems to lose sight of the fact that the scope of the inquiry in this case is reduced to extremely narrow limits, for the reason that in the court below there was no written waiver of a jury trial, nor findings of fact, nor request for findings. When a law case is thus tried before the court, the court acts as arbitrator, and its determination of questions both of law and of fact are conclusive upon the parties, and cannot be reviewed on writ of error. Campbell v. Boyreau, 21 How. 223, 16 L. Ed. 96; Kearney v. Case, 12 Wall. 275, 20 L. Ed. 395; County of Madison v. Warren, 106 U. S. 622, 2 S. Ct. 86, 27 L. Ed. 311; Bond v. Dustin, 112 U. S. 604, 5 S. Ct. 296, 28 L. Ed. 835; Erkel v. United States, 169 F. 623, 95 C. C. A. 151.

The assignments of error, with a single exception, are all directed to "findings" and "holdings" of the trial court upon the evidence in the case. The exception is the assignment that the court erred in ordering judgment to be entered on a cause of action not contained in the complaint, an assignment which has no basis in the record.

We are confined therefore to the consideration of errors of law apparent upon the face of the pleadings, and the only question before us is whether the judgment is sustainable upon the complaint, the answer, and the reply. The complaint presented a cause of action at law and alleged liability upon a bond according to the terms thereof, and, although a second cause of action was pleaded which contained averments of an equitable nature, that cause was dismissed by consent of the parties. It is clear that the complaint pleads a cause of action which in itself would support the judgment. But it is said that one of the essential averments of the complaint is effectually negatived by the answer which sets forth the bond in hæc verba and shows that the condition thereof was other than that which the complaint alleged it to have been. And it is said, second, that the answer shows that the action was barred by a prior judgment.

In answer to these contentions, I submit, first, that it does not necessarily follow as a conclusion of law that upon the pleadings there could be no recovery of a judgment for the plaintiff. If it can be seen that, upon the introduction of any conceivable evidence the court might have been justified in entering judgment, it must be presumed that such evidence was adduced. There may have been evidence of such facts as to the terms of the order of the court directing the execution of the bond, the knowledge, understanding, and agreement of the parties as to what the provisions of the undertaking were to be, the acceptance of the same as a stay bond in compliance with the court's order, conditioned that the appeal be prosecuted with effect, the fact that through a period of years the bond did operate as such stay, the acceptance by the plaintiff in error through a series of years of premiums upon the bond as a stay bond, conditioned that the appeal be prosecuted to effect, and other evidence sufficient to establish estoppel to deny that the condition of the bond was as it was alleged in the complaint to be. If we may refer to the opinion of Judge Bourquin in the court below, it appears therefrom that both parties, "in disregard of pleadings, theory, form, and rules, proceeded, not only to resolve any ambiguity in the bond, but virtually as though the alleged omission by fraud or mistake was the issue to determine the actual intent and contract, the intent of the court granting the stay on bond, and the legal implications attending the court's order entered therein; and to that end both parties introduced oral and other evidence appropriate to their methods of trial without any objection or claim of variance." Said Chief Justice Marshall in Cooke v. Graham's Adm'r, 3 Cranch, 235, 2 L. Ed. 420: "There are many cases on the construction of bonds, where the letter of the condition has been departed from, to carry into effect the intention of the parties." And in 23 C. J. 531, it is said: "A person may be liable on a bond not signed by him or by his authority, by estoppel by his acquiescence."

To the contention that the pleadings show the action to have been barred by a prior judgment, there are two answers. In the first place, the reply put in issue the averments of the answer that the two causes of action were identical. Nor does it necessarily appear from the allegations of the answer that the former action was the same. The answer shows that the former suit was a suit to reform the bond, and that the Supreme Court of Montana found the evidence insufficient to justify reformation. It is true that it is also alleged that the Supreme Court found the defendant in that action not liable upon the bond, but, whether that conclusion rested upon a failure to prove ground for reformation does not appear from the allegations. In Lim Jew v. United States, 196 F. 736, 116 C. C. A. 364, this court held

that a judgment on a question directly involved in one action is conclusive as to that question in another action between the same parties; where it appears from the record or by extrinsic evidence that the precise question was raised and determined in the prior action, and that any uncertainty on the subject must be dispelled by proof; otherwise the entire subject-matter of the action is open to litigation.

In the second place, as the court below properly held, the decision of the Supreme Court of Montana, under the local law, was not a judgment upon the merits and was not a final judgment. In construing a statute of that state (section 9320 of the Code of 1921), the Supreme Court of Montana ruled that, in order that a judgment be res judicata, there must be in the judgment either an express declaration of the fact that it is rendered on the merits, or it must appear upon the judgment roll that the legal conclusion can be drawn that it was a judgment upon the merits. Glass et al. v. Basin, etc., Mining Co., 35 Mont. 567, 90 P. 753; Bennetts v. Silver Bow Amusement Co., 65 Mont. 340, 211 P. 336. It is not to be doubted that if, in the prior action upon the bond here in question, the Supreme Court of Montana had regarded its decision a judgment upon the merits in the broadest sense of the term, it would have remanded the cause with instructions to dismiss the complaint. Instead of so doing, it reversed and remanded it to the trial court, thus authorizing that court to take such further action as in its discretion might seem proper, including the authority to accept or to direct the dismissal of the cause at the plaintiff's instance, as was done. From that dismissal no appeal was taken. In State v. District Court of Second Judicial District, 40 Mont. 206, 105 P. 721, the Supreme Court of Montana held that, where the Supreme Court reverses a cause without a specific direction either to retry or dismiss, the district court is vested with a legal discretion to take such action not inconsistent with the order of the Supreme Court as seems proper under the circumstances, and that it may, under its discretion, order a retrial. And such is the rule in other courts. Riley v. Loma Vista Ranch Co., 5 Cal. App. 25, 89 P. 849; Dubois v. Bowles, 55 Colo. 312, 134 P. 112.

In order that a judgment be res judicata, it must be a final judgment. Proper v. John Bene & Sons (D. C.) 295 F. 729, and a decision of an appellate court whereby a judgment is reversed and remanded can only mean that the judgment is remanded for further proceedings in the trial court. Such a judgment is not final. Schlosser v. Hemphill, 198 U. S. 173, 25 S. Ct. 654, 49 L. Ed. 1000; Haseltine v. Central Bk. of Springfield, 183 U. S. 130, 22 S. Ct. 49, 46 L. Ed. 117. A judgment of reversal will not operate as a bar to a subsequent action or be conclusive as to the issues determined "where on remand the cause is dismissed or the plaintiff suffers a nonsuit." 34 C. J. 800; Gilbert v. American Surety Co., 121 F. 499, 57 C. C. A. 619, 61 L. R. A. 253, certiorari denied 190 U. S. 560, 23 S. Ct. 855, 47 L. Ed. 1184; Jones v. Knights of Honor, 236 Ill. 113, 86 N. E. 191; Spring Valley Coal Co. v. Patting, 210 Ill. 342, 71 N. C. 371. "As a general rule, the judgment of an appellate court, reversing a judgment, decree, or order of a trial court, does not purport to be final or to pass upon the merits of the controversy, and hence does not operate as res judicata, but leaves the parties in the same position as they were before the judgment of the lower court was rendered." 34 C. J. 774. "The reversal of a judgment by any competent authority restores the parties litigant to the same condition in which they were prior to its rendition. The judgment reversed becomes mere waste paper, and the parties to it are allowed to proceed in the court below." Freem. Judgm. § 481. Where a judgment is "reversed, then the adjudication therein concludes no one, and it is not an estoppel or bar in any sense." Loeb v. Willis, 100 N. Y. 235, 3 N. E. 179. "A reversal in a court of last resort remanding a cause cannot be set up as a bar to a subsequent action for the same cause." Steinman v. Clinchfield Coal Corp., 121 Va. 611, 620, 93 S. E. 684, 687. A judgment of the Supreme Court of Georgia, reversing a judgment for the plaintiffs and remanding the case, which was thereafter voluntarily dismissed, was held not a bar to a second suit on the same cause of action. Interstate Realty & Investment Co. v. Bibb County (C. C. A.) 293 F. 721.

The decision of the court below accords with justice and right, and should be affirmed.