## PARSONS et al. v. CLARKE.

Circuit Court of Appeals, Ninth Circuit. February 13, 1928.

No. 5114.

1. Covenants ☞14—Under California statute, in bargain and sale deed without express warranty, no warranty of title is implied (Civ. Code Cal. § 1113).

Under Civ. Code Cal. § 1113, in a bargain and sale deed, containing no express warranty, the only covenants implied by law are a covenant that previous to execution of the deed grantor had not conveyed the same estate, or any right, title, or interest therein, to any other person, and a covenant against incumbrances.

2. Covenants ☞14—Easements ☞1, 3(2)—Under California statute, right of way is appurtenance to land conveyed, and is real property, and failure of title of grantee by bargain and sale deed gives him no right of action against grantor, in absence of express warranty (Civ. Code Cal. §§ 657, 658, 662).

Under Civ. Code Cal. §§ 657, 658, 662, a right of way conveyed by bargain and sale deed to land is appurtenant to the land, and is real property, and failure of title thereto gives the grantee no right of action against the grantor, in absence of express warranty.

In Error to the District Court of the United States for the Southern Division of the Northern District of California.

Action at law by Edward G. V. Clarke against William B. Parsons, Anna C. Parsons, his wife, and Elizabeth Hamilton. Judgment for plaintiff, and defendants bring error. Reversed and remanded.

Rittenhouse & Snyder, of Santa Cruz, Cal., Wm. T. Kearney, of Richmond, Cal., and Andrew F. Burke, of San Francisco, Cal., for plaintiffs in error.

Ralph H. Smith, of Santa Cruz, Cal., for defendant in error.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

RUDKIN, Circuit Judge. This is a writ of error to review a judgment in favor of the plaintiff in an action to recover damages for breach of warranty. The case has been brought here on the judgment roll without a bill of exceptions, and the sufficiency of the complaint to support the judgment is the only question presented for our consideration. The sufficiency of the complaint was not challenged by demurrer or otherwise in the court below, and under such circumstances the complaint is aided by certain presumptions, the nature and scope of which we need not consider, in view of the fact that the plaintiff claims no right of action against the defendants other than that specifically

set forth in his complaint. See, however, U. S. Fidelity & Guaranty Co. v. Whittaker (C. C. A.) 8 F.(2d) 455. For convenience, we will refer to the parties as designated in the court below.

Briefly stated, the complaint alleged that the defendants by bargain and sale deed granted to the plaintiff a certain described tract of land, together with a right of way over an adjoining tract as a means of ingress and egress to and from the granted premises; that by the terms of the deed the defendants warranted that they had the right to grant, bargain, sell, and convey, as an appurtenance to the real property described in the deed, the right to travel over, across, and upon the right of way mentioned and described therein; that the defendants had no right whatever to grant, bargain, sell, or convey to the plaintiff, or to any other person, the right of way in question at the time of the execution of the deed, or at any other time, or at all; that R. W. Butcher and Sarah B. Butcher, his wife, were, at the date of filing the complaint, and at all times therein mentioned, by themselves and their predecessors in interest, the owners in fee simple absolute of the tract of land through and over which the right of way was granted; that immediately upon the execution and delivery of the deed the plaintiff attempted to travel over the right of way, but Butcher and wife erected a fence across the right of way and prevented the plaintiff from using the same; that the plaintiff commenced an action in the superior court of Santa Cruz county against Butcher and wife to quiet his title to the right of way, and in such action it was adjudged that the plaintiff was without right, and had no estate, right, title, or interest whatsoever in or to the right of way; that no appeal has been prosecuted from such judgment, and the same has become final; that the plaintiff was compelled to and did pay $110 as rental for the use of a certain right of way between certain dates; that he paid the sum of $250 for a new right of way and incurred expenses in the sum of $3,600 in constructing a roadway thereon; that he expended the sum of $350 in the prosecution of the action in the superior court of Santa Cruz county to establish his title to the right of way; that the market value of the real property conveyed to the plaintiff, together with the right to travel over, across, and upon the right of way therein mentioned, was the sum of $3,800; and that the market value without such right of way was the sum of $100. On this com-

plaint a judgment was entered in favor of the plaintiff in the sum of $3,490, together with costs of suit.

[1] If the right of way in question is real property, the plaintiff does not contend that his complaint states a cause of action, or that he has any right of recovery. On the contrary, his sole contention is that the right of way is personal property; that in the sale of personal property there is an implied warranty of title, under section 1765 of the Civil Code of the state, and that there has been a breach of such implied warranty. If the right of way in question is real property, it seems quite apparent that the complaint states no cause of action. The bargain and sale deed contains no express warranty, and the only covenants implied by law are a covenant that previous to the time of the execution of the conveyance the grantor had not conveyed the same estate, or any right, title, or interest therein, to any person other than the grantee, and a covenant against incumbrances. Civil Code, § 1113. With the implied covenant against incumbrances we have no present concern. The complaint not only failed to allege that the defendants had conveyed the same estate, or some right, title, or interest therein, to a person other than the grantee, prior to the execution of the deed to the plaintiff, but, on the contrary, it alleged affirmatively that the defendants at no time had any right whatever to grant, bargain, sell, or convey the right of way, and that Butcher and wife, and their predecessors in interest, were at all times the owners in fee simple absolute of the tract of land over which the right of way was granted. It thus appears affirmatively from the complaint that there has been no breach of any warranty, express or implied, if the right of way is to be considered as real property.

[2] But, as already stated, the plaintiff contends only that the right of way was personal property, and that the complaint alleged a breach of the implied warranty of title. This latter contention cannot be sustained. The Civil Code provides that property is either real or immovable, or personal or movable; that real property consists of land, that which is affixed to land, that which is incidental or appurtenant to land, and that which is immovable by law; and that a thing is deemed to be incidental or appurtenant to land when it is by right used with the land for its benefit, as in the case of a way, or water course, or of a passage for light, air, or heat from or across the land of another. Civil Code, §§ 657, 658, 662. The right of

way in question was appurtenant to land, and was, therefore, clearly real property as defined by the laws of the state. For this reason, the complaint not only fails to state a cause of action, but shows affirmatively upon its face that there has been no breach of warranty, and that no right of action had accrued or existed in favor of the plaintiff. The judgment of the court below must therefore be reversed. The jurisdiction of that court was invoked, apparently, upon the ground that the plaintiff was an alien and the defendants citizens of the United States; but the complaint failed to allege the citizenship of the defendants, and their citizenship does not appear elsewhere in the record. So far as the record discloses, therefore, the court below was without jurisdiction.

The judgment is reversed, and the cause is remanded for further proceedings, with leave to amend the complaint, if the plaintiff is so advised.