McMANUS, Respondent, *v.* BUTTE ELECTRIC RAIL-WAY CO., et al., Appellants.

(No. 5,277.)

(Submitted September 10, 1923.   Decided October 4, 1923.)

[219 Pac. 241.]

*Personal Injuries—Street Railways—Complaint—Sufficiency— Negligence Per Se—Presumptions.*

Personal Injuries to Pedestrian—Street Railways—Complaint—Sufficiency.
   1. Complaint in an action against a street railway company alleging that the motorman of defendant carelessly, negligently, *etc.,* ran his car on a city street at a rate of speed prohibited by ordinance and without ringing the bell at a crossing and as a proximate result thereof ran over and killed plaintiff's decedent, *held* sufficient as against the objection that in the absence of allegations and details of the happening of the accident it stated mere legal conclusions, the facts and circumstances constituting the negligence being matter of proof and not of averment.
Same—Trial—Overruling Demurrer to Complaint—When Harmless Error.
   2. Overruling of demurrer to the complaint based on the ground that its recitals were mere legal conclusions is not reversible error where the demurring party was not misled by the alleged defects and the issues were fully, fairly and understandingly tried upon their merits.

---

   1. Violation of ordinances relating to street railroads as grounds for private action, see notes in 5 L. R. A. (n. s.) 247; 8 L. R. A. (n. s.) 1093; L. R. A. 1915E, 501.
   Duty to avoid injury to children on track by speed of street-car, see note in 25 L. R. A. 664.
   Sufficiency of general allegations of negligence of street railway company, see note in 59 L. R. A. 238.

[68 Mont. 379.]

Same—City Ordinance—Excessive Speed—Negligence *Per Se.*
  3.  Propelling a street-car at a rate of speed prohibited by ordinance is negligence *per se.*

Same—Failure to Give Warning Signal—Presumptions.
  4.  Where the motorman did not ring the bell in approaching a street crossing, it may be presumed that injury to a pedestrian was caused by reason of the omission of such warning signal.

Same—City Ordinances—When in Effect—Presumptions.
  5.  An ordinance regulating the speed of street-cars shown to have been in existence prior to the day on which an accident occurred will be presumed to have been in force upon that day in the absence of evidence to the contrary.

*Appeal from District Court, Silver Bow County; Wm. E. Carroll, Judge.*

ACTION by John McManus, by his guardian *ad litem,* Rose McManus, against Butte Electric Railway Company and another.. From a judgment for plaintiff, defendants appeal. Affirmed.

*Mr. J. L. Templeman, Mr. Sydney Sanner* and *Mr. Fred J. Furman,* for Appellants, submitted a brief; *Mr. Furman* argued the cause orally.

. The law seems plain in Montana that a complaint must recite fairly the facts upon which the plaintiff relies.  There must be a statement which shows in some fashion that certain acts or omissions of one party proximately result in injury and damage to another party.  It is not enough to say that one thing happened and that another thing happened, and then draw the legal conclusion that one flowed .from the other. The statement of facts must show the flowing of the one into the other.  This court has always said that in cases of this type the facts of the case and not the conclusions of the pleader determine whether a complaint states a cause of action or is defective in that particular.  (*Fearon* v. *Mullins,* 35 Mont. 232, 236, 88 Pac. 794; *Storm* v. *Butte,* 35 Mont.

---

3.  Operation of cars in violation· of ordinance as negligence *per se,* see notes in 9 Ann. Cas. 840; Ann. Cas. 1913E, 1100.

4.  Duty to give notice of approach of car by sounding gong or bell, see note in 20 Ann. Cas. 152.

[68 Mont. 379.]

385, 395, 89 Pac. 726; *Pullen* v. *Butte,* 38 Mont. 194, 195,
21 L. R. A. (n. s.) 42, 99 Pac. 290; *Hosty* v. *Moulton Water
Co.,* 39 Mont. 310, 313, 102 Pac. 568; *Forquer* v. *North,* 42
Mont. 272, 112 Pac. 439; *Allen* v. *Bear Creek Coal Co.,* 43 Mont.
278, 115 Pac. 676; *McEnaney* v. *Butte,* 43 Mont. 526, 532,
117 Pac. 893; *Nelson* v. *Northern Pac. R. Co.,* 50 Mont. 516,
526, 148 Pac. 388; *Ellinghouse* v. *Ajax L. Co.,* 51 Mont. 275,
283, L. R. A. 1916D, 836, 152 Pac. 481; *Fusselman* v. *Yellow-
stone V. etc. Co.,* 53 Mont. 254, 264, Ann. Cas. 1918B, 420, 163
Pac. 473; *Barry* v. *Badger,* 54 Mont. 224, 228, 169 Pac. 34;
*Kelley* v. *John R. Daily Co.,* 56 Mont. 63, 71, 181 Pac. 326;
*Montana A. S. Co.* v. *Goldwyn D. Corp.,* 56 Mont. 215, 182
Pac. 119; *Crawford* v. *Pierse,* 56 Mont. 371, 377, 185 Pac. 315;
*Stones* v. *Chicago, M. & St. P. R. Co.,* 59 Mont. 342, 344, 197
Pac. 252; *Stricklin* v. *Chicago, M. & St. P. R. Co.,* 59 Mont.
367, 370, 371, 197 Pac. 839; *O'Neil* v. *Christian,* 60 Mont.
460, 464, 199 Pac. 706.)

The plaintiff in this case rests solely upon the ground that
defendants were guilty of negligence *per se.* Negligence is a
failure to do or a doing of something that an ordinary person
would not under the circumstances have done. It is a lack
of ordinary care in the circumstances. Negligence *per se* is
a failure to comply with the legal mandate. (*Mize* v. *Rocky
Mountain etc. Tel. Co.,* 38 Mont. 521, 129 Am. St. Rep. 659,
16 Ann. Cas. 1189, 100 Pac. 971; *Conway* v. *Monidah Trust,* 47
Mont. 269, L. R. A. 1915E, 500, 132 Pac. 26; *Ball Ranch Co.*
v. *Hendrickson,* 50 Mont. 220, 221, 146 Pac. 278.) If Ordi-
nance No. 434 were in effect so that the street-car company
had to operate at eight miles an hour on the date of this
ordinance and the company actually ran the car more than
eight miles an hour, it was guilty of negligence *per se;* that
is, the law says that the speed in excess of eight miles was
negligence whether, as a matter of fact, measured by any other
human standard it was negligent or not; but even negligence
is not sufficient to justify a recovery. There is another step.
This act made negligent by the law and not the circumstances

must, nevertheless, be a proximate cause of the injury, or recovery cannot be had on any theory. (*Ball Ranch Co.* v. *Hendrickson, supra.*)

There is an absolute failure of proof that any speed at all, that any forward movement, would not have produced the fatality. It was not in the power of the defendants to avert the accident. Reasonable minds can draw one deduction only from the testimony,—there was nothing to submit to the jury. What is the law of such situation? It is a matter for the court and not the jury to decide. (*Berg* v. *Boston & M. etc. Co.,* 12 Mont. 212, 29 Pac. 545; *Cummings* v. *Helena etc. Co.,* 26 Mont. 434, 436, 68 Pac. 852.)

If the evidence in plaintiff's behalf establishes beyond a question that his own omission to use ordinary care contributed immediately to or itself caused the injury, the court should, on motion, direct a verdict for defendant or grant a nonsuit. (*Ball* v. *Gussenhoven,* 29 Mont. 321, 74 Pac. 871.) Where the evidence is not conflicting and a verdict for the plaintiff should be set aside, a nonsuit is proper. (*Coulter* v. *Union Laundry Co.,* 34 Mont. 590, 591, 87 Pac. 973.) The facts proven raising a presumption of contributory negligence, a nonsuit should be granted. (*Longpre* v. *Big Blackfoot Mill Co.,* 38 Mont. 99, 99 Pac. 131.) There must be more than a mere scintilla of evidence in order to justify a verdict. (*Escallier* v. *Great Northern R. Co.,* 46 Mont. 238, Ann. Cas. 1914B, 468, 127 Pac. 458; *O'Brien* v. *Stromme,* 54 Mont. 221, 169 Pac. 36; *McIntyre* v. *Northern Pac. R. Co.,* 56 Mont. 43, 180 Pac. 971; *Stones* v. *Chicago, M. & St. P. Ry. Co.,* 59 Mont. 342, 197 Pac. 252; *Fallon* v. *Chicago, M. & St. P. Ry. Co.,* 61 Mont. 130, 200 Pac. 453.) Negligence on plaintiff's part which is a proximate cause of injury defeats recovery. (*Wastl* v. *Montana Union Ry. Co.,* 24 Mont. 159, 61 Pac. 9.)

Every person is bound to an absolute duty to exercise his intelligence to discover and avoid dangers that may threaten him because of the culpable negligence of another and, therefore, plaintiff, in a personal injury action based on such neg-

ligence, must show that he did so exercise his intelligence at the time of the accident. (*Sherris* v. *Northern Pac. Ry. Co.*, 55 Mont. 189, 175 Pac. 269.) Only negligent acts which bear a proximate and causal relation to an injury give rise to a cause of action. (*Wallace* v. *Chicago M. & P. S. Ry. Co.*, 48 Mont. 427, 138 Pac. 499.) It is sufficient if plaintiff can show that the injury is more naturally to be attributed to the alleged negligence than to any other cause, according to *Freeman* v. *Chicago, M. & St. P. Ry. Co.*, 52 Mont. 1, 2, 154 Pac. 912. There can be no recovery for personal injuries suffered by reason of defendant's negligence without showing a breach of duty and also that such breach of duty was the proximate cause of the injury. (*Smith* v. *Chicago, M. & St. P. Ry. Co.*, 61 Mont. 471, 202 Pac. 766.) Once some thought that a plea of contributory negligence was such a plea as entitled a plaintiff to go before a jury on the plea itself, the theory being that a plea of contributory negligence was an admission by defendants that they had been negligent. Such is not, however, the law. (*Day* v. *Kelly,* 50 Mont. 306, 146 Pac. 930; *Lewis* v. *Steele,* 52 Mont. 300, 157 Pac. 575.)

*Messrs. Walker & Walker* and *Mr. C. S. Wagner,* for Respondent, submitted a brief; *Mr. Frank C. Walker* argued the cause orally.

By the rules laid down in *Kelley* v. *John R. Daily Co.,* 56 Mont. 63, 181 Pac. 326, cited by appellants, the complaint now before the court is, we think, sufficient. Let it be borne in mind that in this case recovery is sought for the death of a minor, *non sui juris,* and that his death was caused by the alleged violation of a municipal ordinance, and it will become apparent at once that the general rules of pleading relied upon by appellants are inapplicable. (*Mize* v. *Rocky Mountain Bell Tel. Co.,* 38 Mont. 521, 129 Am. St. Rep. 659, 16 Ann. Cas. 1189, 100 Pac. 971; *Conway* v. *Monidah Trust,* 47 Mont. 269, L. R. A. 1915E, 500, 132 Pac. 26; *Neary* v. *North-*

*ern Pac. Ry. Co.*, 41 Mont. 480, 110 Pac. 226; *Ball Ranch Co.* v. *Hendrickson*, 50 Mont. 220, 221, 146 Pac. 278.)

As applied particularly to street railroads it appears to be uniformly held that a violation of a city ordinance governing the speed of street-cars and the care required in their operation is negligence *per se*. (*Bresee* v. *Los Angeles Traction Co.*, 149 Cal. 131, 5 L. R. A. (n..s.) 1059, 85 Pac. 152; *Holden* v. *Missouri R. R. Co.*, 108 Mo. App. 665, 84 S. W. 133; *Heintz* v. *St. Louis Transit Co.*, 115 Mo. App. 667, 92 S. W. 353; *Davis* v. *Durham Traction Co.*, 141 N. C. 134, 53 S. E. 617; *Simoneau* v. *Pacific Electric R. Co.*, 166 Cal. 264, 49 L. R. A. (n. s.) 737, 136 Pac. 544; *Lininger* v. *San Francisco V. & N. V. R. Co.*, 18 Cal. App. 411, 123 Pac. 235; *Smiley* v. *E. St. Louis Ry. Co.*, 256 Ill. 482, 100 N. E. 157; *Deneen* v. *Houghton County St. Ry. Co.*, 150 Mich. 235, 13 Ann. Cas. 134, 113 N. W. 1126; *Wilson* v. *Puget Sound Electric Ry. Co.*, 52 Wash. 522, 132 Am. St. Rep. 1044, 101 Pac. 50.) In any event the question of defendants' negligence presents a jury issue, and the jury in this case decided it adversely to defendants' contention. (35 Cyc. 618.)

As pointed out in appellants' brief there is some evidence that the deceased, when he got off the rear end of the truck, ran into the side of the car, and the contention is made that an unavoidable accident resulted, the result of which absolves the defendants from liability. In contemplation of the law, an accident is something that occurs after the exercise of the care that the law requires to be exercised to prevent its occurrence. (*United States* v. *Boyd*, 45 Fed. 851.) Where the proof shows actionable negligence the result cannot be legally termed an accident. (*Fisher Motor Car Co.* v. *Seymour*, 9 Ga. App. 465, 71 S. E. 764.) It is an inevitable casualty and not the result of neglect of duty. (*Alexander* v. *Bailey*, 2 Lea (Tenn.), 636.) Accidents repel imputation of faults committed, but not of duties omitted. (*Grant* v. *Moseley*, 29 Ala. 302.) And an accident sufficient to excuse a collision on the highway exists only where the collision was unavoidable and

entirely without the fault of defendant. (*Center* v. *Finney,* 17 Barb. (N. Y.) 94; 1 C. J. 392.)

It is quite apparent from the tenor of appellants' brief that they rely chiefly for a reversal upon the proposition that the evidence discloses that plaintiff's intestate was guilty of contributory negligence; however, contributory negligence may not be inferred as a matter of law from the acts of minor children of tender years. (*Conway* v. *Monidah Trust,* 47 Mont. 269, L. R. A. 1915E, 500, 132 Pac. 26; *Mason* v. *Northern Pac. Ry. Co.,* 45 Mont. 474, 124 Pac. 271.)   Had plaintiff's intestate been an adult, and the evidence disclosed negligence, still, in the case of a minor, the question is one for the jury. It has been so held when applied to the alleged contributory negligence of a thirteen year old boy of average intelligence. (*Pueblo Electric St. Ry. Co.* v. *Sherman,* 25 Colo. 114, 71 Am. St. Rep. 116, 53 Pac. 322.)   In an action for injuries to a child six years old occasioned by being so struck by a street-car it is a question of fact for the jury whether the elements of contributory negligence were present. (*Chicago City Ry. Co.* v. *Tuohy,* 196 Ill. 410, 58 L. R. A. 270, 63 N. E. 997; *Citizens Street Ry. Co.* v. *Hamer,* 29 Ind. App. 426, 62 N. E. 658, 63 N. E. 778; *Consolidated City etc. Ry. Co.* v. *Wyatt,* 59 Kan. 772, 52 Pac. 98; *McDermott* v. *Boston Elevated Ry. Co.,* 184 Mass. 126, 100 Am. St. Rep. 548, 68 N. E. 34; *Sullivan* v. *Boston Elevated Ry. Co.,* 192 Mass. 37, 78 N. E. 382.) The doctrine has been applied in a case where a boy was sixteen years old. (*Campbell* v. *St. Louis St. Ry. Co.,* 175 Mo. 161, 75 S. W. 86; *Fry* v. *St. Louis Transit Co.,* 111 Mo. App. 324, 85 S. W. 960; *Angelary* v. *Springfield St. Ry. Co.,* 213 Mass. 110, 99 N. E. 970; *Consolidated Traction Co.* v. *Scott,* 58 N. J. L. 682, 55 Am. St. Rep. 620, 33 L. R. A. 122, 34 Atl. 1094.)

A motorman on the street-car is bound to assume the probable presence of pedestrians and vehicles at street crossings to give warning of the approach of the car and to limit the speed that is prescribed by law. (*Consolidated Traction*

*Co.* v. *Scott,* 58 N. J. L. 682, 55 Am. St. Rep. 620, 33 L. R. A.
122, 34 Atl. 1094; *Langdon* v. *Minneapolis St. Ry. Co.,* 120
Minn. 6, 138 N. W. 790.) Further, where a motorman had
reason to believe that persons might be attempting to cross
at a foot-crossing of a street directly in the rear of a wagon
he should have been certain that the crossing was clear before
conducting his car over it. (*Carroll* v. *New Orleans Ry. Co.,*
125 La. 898, 51 South. 1029; *Ahsley* v. *Kanawha Valley Trac-*
*tion Co.,* 60 W. Va. 306, 9 Ann. Cas. 836, 55 S. E. 1016.)

MR. JUSTICE COOPER delivered the opinion of the court.

Shorn of legal verbiage, the complaint, in two counts, alleges:
First, that the defendant Crossman, as motorman in charge
of a street-car of the defendant company, carelessly, negli-
gently and wrongfully ran his car on Front Street between
Montana Street and Utah Avenue in the city of Butte at a
rate of speed prohibited by Ordinance No. 434, to-wit, in
excess of fifteen miles per hour, and as a proximate result of
so running the car, he ran over and killed the plaintiff's minor
son, John McManus, a boy of ten years of age; second, that
Crossman, at the same time, carelessly, negligently and wrong-
fully ran his car over and across Front Street where it is
crossed by Colorado Street, without giving the alarm required
by the ordinance mentioned, and as a proximate result thereof
ran over and killed John McManus, Jr.

The defendants interposed a general and special demurrer
to each of the two counts, urging that from the recitals therein
only legal conclusions could be drawn, and that in the absence
of a statement of the facts, circumstances and details tending
to show that the violation of the ordinance was a proximate
cause of the death, it did not state a cause of action.

After the district court had overruled the demurrer, the
defendants filed their joint answer denying the averments of
both counts, and pleading affirmative defenses. After alleging
that the car was of suitable type, pattern, and design, and all
its parts and appliances without defect and in good operating

condition, they stated that as it traveled easterly on Front Street to the point where Colorado Street crosses Front Street, it met a large automobile truck which was then coming along the north side of Front Street in a westerly direction; that defendant Crossman, the motorman, kept a vigilant watch of the truck as he traveled easterly along Front Street, and when the truck was a safe distance from the street-car, the boy was upon the rear end of the truck, but not then within his vision, and he could not by the exercise of reasonable or any other degree of care discover his presence or that he was then upon the truck or upon the street; that at approximately the time the front end of the truck was opposite the front end of the street-car, the boy descended from the rear end of the truck, and, taking a few steps in a generally southerly direction, fell under the street-car in such a fashion that the rear trucks of the street-car passed over the boy and killed him; that the accident was due to the careless and negligent act of John McManus, Jr., in jumping off of the rear end of the truck and running into the side of the street-car at a time when the accident was utterly unavoidable, and was due solely to the careless and negligent acts of the boy; and that, after the motorman discovered him, he exercised every agency, within his control to avert the accident.

To the answer plaintiff filed a reply, and the cause was tried in the court below with the aid of a jury. A verdict in the sum of $3,500 was returned and judgment entered thereon. Hence this appeal.

At the beginning of the trial, the defendants objected to [1] the reception of any evidence in the case upon the ground that neither the bare allegation in the first count that the car was running at a speed prohibited by Ordinance No. 434 of the city of Butte, nor the allegation in the second count that the motorman failed to give the signals required by the ordinance referred to, proximately causing the injury, stated a case for the jury; and that without averment, in each count, of facts, circumstances and details of the happening, which

of themselves constituted negligence, no evidence was admissible in support of plaintiff's case. This objection was likewise overruled. Appellant's counsel insist that the rulings of the court in both instances were erroneous, and in their brief say: "There must be a statement which shows in some fashion that certain acts and omissions of one party proximately resulted in injury and damage to another party. It is not enough to say that one thing happened and that another thing happened, and then draw the legal conclusion that one flowed from the other."

What does the language of the complaint import? Plainly, that proceeding directly from defendants' negligence in operating the car at a speed in excess of eight miles per hour, was the running down and injury to John McManus, Jr. In *Stein* v. *United Railroads*, 159 Cal. 368, 113 Pac. 663, it was held that an allegation that the defendant "operated, ran and conducted one of its cars upon and along said Turk Street * * * in such a careless, negligent, reckless, wrongful and unlawful manner that the said car, when it came to the crossing by the street known as Buchanan Street and the said Turk Street, while going in an easterly direction, ran into and upon the plaintiff and severely injured him" was sufficient. The court quoted from a former decision the following: "It is well settled that negligence may be charged in general terms; that is, what was done being stated, it is sufficient to say it was negligently done, without stating the particular omission which rendered the act negligent. But it must appear from the facts averred that the negligence caused or contributed to the injury." The opinion then proceeds: "It may be said further that even if it were error (and it was not), to overrule the demurrer for uncertainty, it was error without prejudice unless the demurring party was misled by the defects in the pleading, and the case was not fairly tried on the merits. Here it appears that the issues were all fully, fairly, and understandingly tried. (*Bank of Lemoore* v. *Fulgham*, 151 Cal. 234, 90 Pac. 936; *Irrgan* v. *Ott*, 9 Cal. App. 440, 99 Pac.

528.)'' See, also, *Davis* v. *Freisheimer, ante,* p. 322, 219 Pac. 236, where this court announces the same principle.

Section 469 of 2 Nellis on Street Railways, second edition, is as follows: ''As a general rule it is sufficient that the complaint, petition, or declaration in an action against a street railway company, for personal injuries sustained through the negligence of the defendant, alleges generally and substantially, that the injury was occasioned by the negligence of the defendant, or that the acts alleged of the defendant were the sole and proximate cause of the injury. Degrees of negligence are matters of proof and not of averment. The circumstances constituting the negligence are also matters of proof and not of averment. It is sufficient as against a demurrer for want of facts to characterize an act as having been negligently and carelessly done, and under such an allegation the specific facts constituting the negligence may be given in evidence.''

This court, in *Allen* v. *Bear Creek Coal Co.,* 43 Mont., at page 278, 115 Pac., at page 676, reviewing our Code provisions pertaining to pleadings, says: ''A complaint must contain a statement of facts constituting the cause of action, in ordinary and concise language. (Sec. 6532, Rev. Codes 1907.) The rule applicable to determine its effect, however, is that 'its allegations must be liberally construed, with a view to substantial justice between the parties.' (Sec. 6566.)  *  *  * Whatever is necessarily implied by a statement directly made, or is reasonably to be inferred therefrom, is to be taken as directly averred. (*County of Silver Bow* v. *Davies,* 40 Mont. 418, 107 Pac. 81; Phillips on Code Pleading, sec. 352; Baylies on Code Pleading, 49; 31 Cyc. 80.)  *  *  * It is elementary that the averments of fact must be sufficiently specific to show the causal connection between the omission of duty by the defendant and the injury complained of; that is the gist of the action. (*Fearon* v. *Mullins,* 35 Mont. 232, 88 Pac. 794; Thompson on Negligence, sec. 7467.) But a pleading comes within the rule when from the facts stated the causal connection must necessarily be inferred.''

Turning to the evidence in the case, the defendant Crossman admitted that he was running the car sixteen or seventeen miles an hour when the boy was struck, and that the front end of the car had passed the line of Colorado Street.   One witness for plaintiff, a motorman who had operated street-cars for the defendant company for five years, testified that the car was traveling twenty-five miles an hour when it struck the boy.   Several others of plaintiff's witnesses stated that they did not hear the bell ring.   The motorman did not testify with reference to ringing the bell at all.   At least two witnesses for the plaintiff located the body of John McManus, Jr., under the rear trucks of the car after it came to a stop immediately under an arc-light twenty-five or thirty feet east of the west line of Colorado Street where it crosses Front Street.   This furnished enough evidence upon which the jury could base a finding that the boy was struck at the intersection of the two streets; that the speed of the car when it collided with the boy was more than eight miles per hour, and that the alarm bell was not rung as the car approached the crossing. It also authorized them to infer that, but for its excessive speed, the motorman might have been able to bring the car to a stop before striking the boy, or, had the bell been rung in approaching Colorado Street, the boy might have had time to regain the use of his feet, and to get off of the track and beyond the reach of the car.   Propelling a railroad car or a [3]   street-car at a rate of speed prohibited by a city ordinance is negligence as a matter of law.   (*Neary* v. *Northern Pac. Ry. Co.,* 41 Mont. 480, 110 Pac. 226; 21 Cyc. 508; Elliott on Railroads, 3d ed., sec. 842; *Cytron* v. *Transit Co.,* 205 Mo. 692, 104 S. W. 109; *Dyson* v. *Southern Ry. Co.,* 83 S. C. 354, 65 S. E. 344.)

In 1 Comyn's Digest, Action upon Statute, F, it is set down: "In every case where a statute enacts or prohibits a thing for the benefit of a person, he shall have a remedy upon the same statute for the thing enacted for his advantage, or for the recompense of the wrong done to him contrary to law."

The testimony, showing, as it does, beyond question that the car was being propelled along Front Street and over the crossing of Colorado Street at more than eight miles per hour, and that no gong was sounded, gives ample room for the inference that, had the mandates of the ordinance been obeyed, the deceased might have escaped the injury which befell him.

"When a human being is injured at a railroad crossing there [4] is a reasonable presumption that the warning conveyed by the sound of the bell or whistle would have been beneficial to him; and, therefore, in such a case, it may be presumed that his injury was caused by the omission of such signals, if they were omitted." (Shearman & Redfield on Negligence, sec. 469.)

Counsel in their brief admit that "If Ordinance No. 434 [5] were in effect, and the company actually ran the car more than eight miles an hour, it was guilty of negligence *per se.*" Their contention that the ordinance had been repealed at the time of the accident must be regarded as without merit. In *St. Louis etc. Ry. Co.* v. *Eggman,* 161 Ill. 155, 43 N. E. 620, it is held that ordinances shown to have been passed prior to a certain day will be presumed to have been still in force upon that day, in the absence of evidence to the contrary. (See, also, Greenleaf on Evidence, 15th ed., sec. 41; 28 Cyc. 395; *Neary* v. *Northern Pac. Ry. Co., supra.*)

We have carefully considered all the other assigned errors, and find them without merit.

The judgment is affirmed.

*Affirmed.*

Mr. Chief Justice Callaway and Associate Justices Holloway, Galen and Stark concur.