FLINT CREEK LODGE No. 11, A. F. & A. M., RESPONDENT, *v.* BROWN, APPELLANT.

(No. 6,246.)

(Submitted February 14, 1928.  Decided February 25, 1928.)

[264 Pac. 394.]

*Landlord and Tenant—Action for Rent—Evidence—Admissibil-*
*ity—Trial by Court—Erroneous Admission of Testimony—*
*Appeal—Presumption—Complaint—Uncertainty—Waiver of*
*Defect by Failure to Demur—Immaterial Variance.*

Evidence—Action for Rent—Written Lease in Existence—Admission of
  Oral Testimony not Error, When.
  1. Where, in an action for rent, when the first witness was called
  it has not been made to appear that defendant had a written
  lease, the court did not err in permitting the witness to testify
  orally as to the terms of the contract.

Same—When not Objectionable as Conclusion of Witness.
　2. A question asked a witness as to what he knew of the arrangements between plaintiff landlord and defendant tenant as to payment of rentals was not open to the objection that it called for a conclusion of the witness.

Same—Books of Account—Oral Testimony Admissible Where Books Silent on Account Sued for.
　3. Where the books of plaintiff did not show the amount due from defendant tenant, only credits being entered, there was no error in permitting a witness to give oral testimony as to such amount, as against the contention that the books were the best evidence.

Trial by Court—Erroneous Admission of Testimony—Presumption on Appeal.
　4. In an action tried by the court without the aid of a jury it will be presumed that erroneously admitted testimony was disregarded in arriving at its conclusion; if supported by other sufficient evidence, the judgment will be upheld.

Pleading—Sufficiency of Complaint for Uncertainty—Failure to Demur Specially Waives Defect.
　5. Failure to object to the sufficiency of a complaint on the ground of indefiniteness and uncertainty by special demurrer waives the defects.

Trial—Immaterial Variance.
　6. An alleged variance which did not affect the substantial rights of appellant must be disregarded as immaterial where it did not mislead appellant in making his defense.

---

　[1]　Evidence, 22 **C. J.**, sec. 1255, p. 996, n. 17.
　[2]　Evidence, 22 **C. J.**, sec. 611, p. 528, n. 25.
　[3]　Evidence, 22 **C. J.**, sec. 1223, p. 977, n. 70.
　[4]　Appeal and Error, 4 **C. J.**, sec. 2982, p. 1000, n. 23, 24.
　[5]　Landlord and Tenant, 36 **C. J.**, sec. 1335, p. 418, n. 82.　Pleading, 31 **Cyc.**, p. 282, n. 17.
　[6]　Landlord and Tenant, 36 **C. J.**, sec. 1348, p. 429, n. 45.

*Appeal from District Court, Granite County; George B. Winston, Judge.*

ACTION by Flint Creek Lodge No. 11, A. F. & A. M., against Wingfield L. Brown. Judgment for plaintiff and defendant appeals. Affirmed.

---

　4. Effect of admission of incompetent evidence in trial before the court without a jury, see note in Ann. Cas. 1917C, 660, 675, 679, 681, 684. See, also, 2 R. C. L. 222.
　5. See 2 Cal. Jur. 255; 21 Cal. Jur. 104; 21 R. C. L. 526.
　6. Reversal for technical violation of rule that allegations and proof must agree, see note in Ann. Cas. 1913D, 68. See, also, 2 Cal. Jur. 1016; 21 R. C. L. 611.

*Messrs. Maury & Brown,* for Appellant, submitted a brief; *Mr. R. Lewis Brown* argued the cause orally.

*Mr. W. E. Moore,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

The complaint herein alleges that plaintiff, a corporation, "rented" to defendant, and defendant "hired" from plaintiff, office rooms in the Masonic Temple at Philipsburg, owned by plaintiff, from August 1, 1923, to April 1, 1924, at the agreed rental of $22.50 per month, and from the latter date to July 1, 1925, at the agreed rental of $15 per month, and that defendant occupied the offices during all of said period; that there was owing to plaintiff from defendant on July 1, 1925, the sum of $405, no part of which has been paid, except the sum of $55. It prays for judgment for $350. The answer admits the occupancy, and denies all other allegations of the complaint.

A jury was waived and the cause tried to the court. The trial resulted in judgment for plaintiff for the amount claimed, and defendant has appealed. His specifications of error will sufficiently appear later. But two witnesses were called for the plaintiff and one for defendant.

Plaintiff introduced its articles of incorporation, and its ownership of the temple was admitted. The first witness called was a trustee of the lodge. He testified that defendant had rented and occupied the offices for years, sometimes under written lease and sometimes not; that the defendant vacated the offices on July 1, 1925; and that the rent for the first period mentioned in the complaint was fixed by agreement at $22.50 per month, at the end of which period it was either reduced $5 or to $15 per month. Defendant objected to this testimony on the ground that there was a written lease in existence, and, on cross-examination, produced the lease covering a period

of two years from and after March 1, 1922, at a rental of $22.50 per month. Counsel for defendant then moved to strike the testimony of the witness on the ground that the lease was the best evidence. The motion was denied.

The secretary of the lodge then took the stand. He testified that he kept the books of the lodge, and produced what he termed his "ledger" or "book of original entry," from which he showed a payment of $50 in cash and a credit of $5 for services. He stated that he did not enter debit charges for rent in the books, as they were fixed charges, and he only kept track of the payments made. This testimony was all objected to as not the best evidence. The witness testified that he made statements of account from time to time, which were delivered to defendant, and talked with defendant from time to time about the matter, each time mentioning the amount due, but could not recollect the amount, as "it is pretty ancient."

The first witness was then recalled, and testified that he had seen the statements rendered and reports of the secretary to the trustees, and knew therefrom that the amount was $350; that, after the offices were vacated, and defendant had received statements of the amount due, he talked with defendant, telling him that he would be expected to pay the balance due as soon as he could, to which defendant replied that when he paid that rent "it would be with a bankrupt note." This testimony was objected to on the ground that the books were the best evidence, but no ruling was made on the objection. Nowhere in the record does it appear that at any time the defendant questioned the correctness of the accounts rendered or disputed the claim that he was indebted to plaintiff in the sum of $350.

Plaintiff having rested, defendant moved for a nonsuit on the grounds that the complaint did not state a cause of action, and that there was a failure of proof. This motion was denied. Counsel for defendant was then sworn, and testified that he was the son of defendant, and was in the office with him up to March 1, 1924, and that there was no change made in the lease

up to its expiration; that it was not altered or abrogated. No further testimony was offered on the part of the defendant.

1. Counsel for defendant first contends that the court erred [1] in admitting oral testimony as to the terms of the contract between plaintiff and defendant, when the first witness was first on the stand. There is no merit in this contention, as it did not then appear that defendant had a written lease at any time.

2. Counsel asserts that the court erred in allowing the witness [2] to answer the question, "During the last four years, state what you know of the arrangements for the rental of these two rooms in the Masonic Temple," over the objection that it called for a conclusion of the witness. Again the assignment is without merit. The question called for a statement as to what the witness knew of the transaction.

3. The next specification is that the court erred in permitting [3] the witness to give oral testimony as to the amount due, as the books of the lodge were the best evidence. No error was committed, since it appears from the record that the books did not show the amount due, as debit charges were not entered therein.

4. Counsel assigns error on the overruling of his motion to [4] strike the evidence given by the first witness prior to the introduction of the written lease. If error was committed in this instance, it did not prejudice the defendant, as the testimony given thereafter was sufficient to support the judgment after totally disregarding the testimony which it was sought to have stricken, and, as the cause was tried to the court, it will be presumed that the court disregarded it. (*Buhler* v. *Loftus*, 53 Mont. 546, 165 Pac. 601.)

5. The next alleged error specified is in overruling defendant's [5] motion for nonsuit. Counsel first attacks the sufficiency of the complaint on the ground that it is indefinite and uncertain in many particulars. These, however, are matters which could have been reached only by special demurrer. No such demurrer having been interposed, the objections are deemed

waived. We find the complaint sufficient as against a general demurrer and the attack now made upon it.

6. Counsel for defendant indulges in a lengthy dissertation **[6]** upon the subject of variance between the pleadings and proof and the effect thereof, contending that, as the written lease introduced shows the contract of rental at $22.50 was entered into in February, 1922, and was in effect until March 1, 1924, there was a fatal variance from the allegation that defendant rented the offices on August 1, 1923, at that rate, and that, as the rate continued for a month after March 1, 1924, it was a holding over at like rental for a like term under section 7745, Revised Codes of 1921.

A variance which did not mislead the defendant in making his defense must be deemed immaterial. (*Wilcox* v. *Newman,* 58 Mont. 54, 190 Pac. 138; *Matoole* v. *Sullivan,* 55 Mont. 363, 177 Pac. 254.) The defendant at all times knew the nature of his contract and the amount due thereon. He made no defense, and must be deemed to have had none. The terms of the lease did not vary from those of the contract alleged, which was within the terms of the lease. On the second contention, if counsel is right, the proof would but entitle plaintiff to a larger amount than that claimed rather than reducing the amount for which defendant was liable. The variance did not prejudicially affect the substantial rights of the defendant, and must be disregarded. (*Willoburn Ranch Co.* v. *Yegen,* 49 Mont. 101, 140 Pac. 231.)

No reversible error appearing in the record, the judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MYERS, STARK and GALEN concur.