DICKASON, Respondent, *v.* DICKASON, Appellant.

(No. 6,372.)

(Submitted January 12, 1929. Decided January 30, 1929.)

[274 Pac. 145.]

**54**

*Messrs. Binnard & Rodger* and *Mr. John A. Shelton,* for Appellant, submitted a brief; *Mr. Shelton* argued the cause orally.

*Mr. H. J. Freebourn* and *Mr. Harlow Pease,* for Respondent, submitted a brief; *Mr. Pease* argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

Appeal from a judgment in favor of plaintiff in an action for damages for injuries sustained in an automobile accident.

On November 25, 1925, the plaintiff, Ruth A. Dickason, a girl of seventeen, living with, and supported by, her mother, Annita Dickason, the defendant, while driving her mother's automobile for her own pleasure with her mother's consent, sustained certain injuries when the car overturned on the highway. On October 25, 1926, having attained her majority, plaintiff commenced action to recover damages for the injuries sustained. She alleges in her complaint that the car overturned, when she attempted to turn a corner by reason of a defect in the steering-gear which "at times" caused the front wheels of the car to continue to turn after the driver had ceased to turn the steering wheel, which condition had existed for more than a week prior to the accident. She further alleges that she had no knowledge of the defect and could not have discovered it by the exercise of reasonable care on examination of the car before starting on the trip which ended in the accident, but she alleges that the defendant "knew or in the exercise of

ordinary care should have known" of the defect, and care-lessly and negligently failed to have the car repaired and negligently failed to warn plaintiff of the condition of the steering-gear before permitting her to drive the car on the day of the accident. She claimed damages in excess of $10,000.

The defendant interposed a general and special demurrer to the complaint. The general demurrer, of course, is based on the ground that the complaint does not state facts sufficient to constitute a cause of action. The special demurrer specifically points out, among other things, that the complaint is uncertain in that it cannot be ascertained therefrom in what manner the mechanism described was defective, or how it could have been repaired to remedy the defect, or how the defendant, could or should have known of the defect. The demurrers were submitted to the court without argument and were overruled, and thereafter the defendant answered denying the allegations of the complaint and, as special defenses, alleging contributory negligence, knowledge on the part of plaintiff of the defect alleged, if it existed, and assumption of risk. The affirmative matter in the answer was denied by replication.

Defendant procured an order for a bill of particulars and, in response to the several demands for specific information as to the nature of the defect claimed and of the accident, plaintiff, in effect, replied that she had no knowledge or information enabling her to make more positive statements than those contained in her complaint, except that she stated that she "believes that the steering-gear or steering apparatus was worn in its entirety."

On April 7, 1928, defendant gave notice of motion to be made on April 9 for a supplemental bill of particulars. On the morning of April 9 the case was called for trial and each side announced that it was ready for trial, whereupon the court directed the calling of a jury. Counsel for defendant then presented their motion, which was overruled as coming too late.

During the trial defendant challenged the sufficiency of the complaint by objection to the introduction of testimony, by motion for nonsuit, and by motion for directed verdict, but was, in each instance, overruled. The trial resulted in a verdict for plaintiff for $750, and judgment was entered thereon. No motion for a new trial was made. Defendant has appealed from the judgment.

1. The first question presented is as to the sufficiency of the complaint.

As the defendant answered over, she waived her objection that the complaint was uncertain in any particular. (*McQuay* v. *McQuay*, 81 Mont. 311, 263 Pac. 683; *Flint Creek Lodge* v. *Brown*, 81 Mont. 573, 264 Pac. 394.) But this rule does not apply to the general demurrer, or to the objection to the introduction of testimony, on the ground that the complaint does not state a cause of action; these challenges to the complaint saved the question thus raised for presentation on appeal. (*Boyle* v. *Chicago, Mil. & St. Paul Ry. Co.*, 60 Mont. 453, 199 Pac. 283; *Wells-Dickey Co.* v. *Embody*, 82 Mont. 150, 266 Pac. 869.)

Counsel for plaintiff state that, while the question was "raised" in the manner stated, it was not argued "or plainly presented" to the court, and should therefore receive little consideration. The only evidence in the record supporting this statement is that the minutes of the court show that the demurrer "was submitted without argument." While a demurrant may be lax in not urging the grounds of his demurrer, the submission nevertheless imposes a duty upon the court to determine the question thus presented, and, if incorrectly determined, the demurrant may take advantage of the error committed. In California, it has been held that, even where the defendant stipulates that the demurrer may be overruled and he given time to answer, he is not estopped from asserting on appeal that the demurrer should have been sustained. (*Hitchcock* v. *Caruthers*, 82 Cal. 523, 23 Pac. 48.)

It is further urged that the case was tried "upon the basis that actual knowledge was properly in issue" and that, as trial has been had on all the merits, the judgment should not be reversed for technical objections to the complaint, citing section 9191, Revised Codes of 1921, which provides that "the court must, in every stage of an action, disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the parties, and no judgment shall be reversed or affected by reason of such error or defect," and the decisions thereunder in *Ellinghouse* v. *Ajax Livestock Co.*, 51 Mont. 275, L. R. A. 1916D, 836, 152 Pac. 481, *Grant* v. *Nihill*, 64 Mont. 420, 210 Pac. 914, *Davis* v. *Freisheimer*, 68 Mont. 322, 219 Pac. 236, and *McManus* v. *Butte Electric Ry. Co.*, 68 Mont. 379, 219 Pac. 241.

The rule announced in the *Ellinghouse Case* pertains only when the question of the sufficiency of the complaint is raised for the first time in this court, and has no application here. The remaining decisions cited, and many others appearing in the reports of the decisions of this court, go no further than this: In determining the issues of law presented by a general demurrer to the complaint, or by objection to the introduction of testimony, or when the sufficiency of the complaint is challenged by motion for nonsuit or for directed verdict, on the ground that it does not state facts sufficient to constitute a cause of action, all matters of ambiguity, uncertainty, and unintelligibility, all matters of form and allegations that are redundant or irrelevant will be disregarded, and, if the allegations of the complaint warrant a recovery in any amount and upon any admissible theory, the pleading will be sustained, and, as said in *Davis* v. *Freisheimer*, above: "The idea that a disappointed litigant who has had a fair and impartial trial upon the merits of the cause may obtain a new trial because of the absence of a nonessential allegation, or for some mere defect in a pleading, is archaic, and has been relegated to the past in this jurisdiction." This is one of the striking departures of our system of code pleading from the old common-

law rules. However, "while the Codes attempt to, and in a measure do, simplify the rules tending to the production of an issue, still they are based on the fundamental rules and principles of the common law." (1 Sutherland on Code Pleading and Practice, 164.)

The rule in this state, above stated, deals only with "non-essential allegations" and formative defects in the pleading, and it is still essential, regardless of the mode of expression, that the complaint state all facts necessary to be proved in order to make out a cause of action. Section 9129, Revised Codes 1921, merely permits these facts to be stated "in ordinary and concise language." As stated by W. T. Hughes in his work on Equity in Procedure (sec. 33, p. 27): "The Codes of Civil Procedure arise from fundamental principles. These principles tend toward unification, simplification and expedition. The genius of the code is one juridical document, one statement, one forum and one relief. This genius includes the leading ideas of convenience, economy, and simplicity. To attain these ends, the material, certain allegation is required. Also the certain admission or certain denial; also the certain issue. [Citing cases.] These ideas dominate: 1. Pleadings are the juridical means of investing a court with jurisdiction of the subject matter to adjudicate it."

In a personal injury action charging negligence, the complaint must allege that the defendant owed a legal duty to plaintiff; that he failed to perform it; that damages resulted; and that his breach of duty was a proximate cause of the injury. (*Bennetts* v. *Silver Bow Amusement Co.*, 65 Mont. 340, 211 Pac. 336); and whether there is a sufficient charge of negligence must be determined from the facts alleged (*Fusselman* v. *Yellowstone Valley L. & I. Co.*, 53 Mont. 254, Ann. Cas. 1918B, 420, 163 Pac. 473).

Here the negligence charged is in failing to warn plaintiff of the alleged defect in the steering-gear of the car, of which, it is alleged, "the defendant knew or in the exercise of ordinary care should have known." Of such an allegation

this court has said: "Alternative allegations neutralize each other and subject the complaint to a general demurrer or to a motion to exclude evidence." (*Stricklin* v. *Chicago, Mil. & St. Paul Ry. Co.*, 59 Mont. 367, 197 Pac. 839.) The most that could be said of such an allegation is that it charges that the defendant "should have known" of the defect alleged. Had plaintiff had knowledge that the defendant did know of the defect and had she intended to charge such knowledge, there would have been no occasion for using the latter phrase, and, if either phrase should be treated as redundant, it would necessarily be the charge that defendant knew of the defect.

Coming, then, to the question as to what must be pleaded with reference to knowledge, we find that the most that can be said of defendant's act in permitting her minor daughter to use the car is that it was a gratuitous bailment.

Section 7711, Revised Codes 1921, declares that: "The lender of a thing for use must indemnify the borrower for damage caused by defects or vices in it, which he knew at the time of lending, and concealed from the borrower." This is but a statement of the common-law rule announced by all of the textwriters who say that the ground of the obligation is that when a person lends he ought to confer a ·benefit and not do a mischief; "but the obligation of a mere lender goes no further than this, and he cannot, therefore, be made liable for not communicating anything which he did not in fact know, whether he ought to have known it or not." (3 R. C. L. 138; 6 C. J. 1117; Story on Bailments, 8th ed., 232; Schouler on Bailments, 90; 3 Cyc. Automobile Law, 2409.) These authorities generally cite, in support of their statements, the old Roman law (Pothier, Prêt à Usage), certain English cases and *Gagnon* v. *Dana*, 69 N. H. 264, 39 Atl. 982. The dearth of decided cases on the subject is probably explained by Mr. Story's closing paragraph on "Gratuitous Loans," where he says: "It has, however, furnished very little occasion for the interposition of judicial tribunals, for reasons equally honorable to the parties, and to the liberal spirit of polished society. The generous

confidence thus bestowed is rarely abused, and if a loss or injury unintentionally occurs, an indemnity is either promptly offered by the borrower, or compensation is promptly waived by the lender." By parity of reasoning, the "generous confidence bestowed" has likewise, seemingly, been rarely abused ·by the borrower suing for damages for injury sustained by reason of defects in the article borrowed; the necessity therefor having been eliminated by either prompt offer of compensation by the lender or waiver by the borrower.

However this may be, it is clear that an allegation to the effect that the lender had actual knowledge of the defect or vice in the article loaned and failed to warn the borrower thereof is as essential to the statement of a cause of action in such a case as this as is the allegation of actual discovery of the injured party's peril to the statement of a cause of action under the "last clear chance" doctrine announced in the Stricklin Case, above, and here, as there, an allegation in the alternative "does not charge a breach of duty or legal negligence."

If, on such a complaint as we have before us, omitting, as it does, one of the *essential* allegations to a cause of action, the court could, without committing reversible error, require the defendant to answer and go to trial, why require the allegation of any essential fact? Why not make it incumbent upon the court to take such action on plaintiff's bare statement that she was injured while driving defendant's car? The answers are self-evident.

As the court should have sustained defendant's general demurrer, the remaining assignments of error need not be considered.

The judgment is reversed, and the cause remanded to the district court of Silver Bow county, with direction to sustain the demurrer.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES GALEN, FORD and ANGSTMAN concur.